DISSETTE. *v.* THE W. J. CUTLER CO.

(Decided June 18, 1928.)

*Messrs. Cline & Patterson,* for plaintiff.
*Messrs. Thompson, Hine & Flory,* for defendant.

VICKERY, J. This cause came into this court on appeal from the common pleas court of Cuyahoga county, and the same evidence and exhibits that were used in the court below were introduced in evidence here, and from the record thus made up, and the briefs and arguments of counsel, we learn that in the court below George C. Dissette brought an action in mandatory injunction against the W. J. Cutler Company to have transferred to him on the books of said company 250 shares of the capital stock of the said company and he based his right to recover upon the following resolution in the record of the defendant company:

"Resolved, that there be issued to Geo. C. Dissette, as compensation for services rendered during the past ten years, as attorney for the company, during which said time the said Geo. C. Dissette has purchased the land of the company, on which it has made a large profit, has represented the company in numerous and various financial deals, tax matters and all other litigation and business, for

which he has been paid no compensation during said period of years, and part of which services only were rendered under a contract heretofore had with the said Geo. C. Dissette, the sum of twelve and one-half (12½) per cent. of the common capital stock of the company, to wit, two hundred and fifty (250) shares of the said stock, which said stock shall be issued to him fully paid and nonassessable; providing that, in consideration of the issuance and delivery of said stock, the said Geo. C. Dissette shall release the company from all claims and demands of every nature and kind whatsoever, for services performed or to be performed in connection with the erection and completion of the new building at 1112 Prospect avenue, which said company is now attempting to finance. Carried.''

This resolution was apparently passed by the board of directors in session, a majority of whom were present and voted upon this proposition; George C. Dissette not being a director.

It seems from the record that Dissette had been the attorney and counselor of the W. J. Cutler Company, of which the moving spirit was W. J. Cutler, who owned most of the capital stock, and perhaps had been the attorney of Cutler himself, for a period of 10 years, advising him and his company and helping to finance its projects, and had never, I believe, received compensation, except the meager sum of $200; further that he had acted as the go-between and had been instrumental in purchasing very valuable real estate, and had added to the assets of the company very materially by his advice and assistance and that at this meeting of the directors a project of financing the building of a bathhouse and hotel

on land that had been purchased for that purpose had been announced, and they were about to go to the Union Trust Company, where a Mr. J. E. O'Neil was acting for the bank. It further appears that before doing this the resolution above referred to was passed and signed by the three directors who were at that meeting, and, so far as the record shows, it was a meeting properly called, of which all the directors had proper notice. It seems that as a part of the project for financing this proposition Cutler was to take out $50,000 worth of life insurance, but upon examination he proved to be a risk that the insurance company would not take, because of which the financing of the project apparently fell through; although, I believe, from statements that have been made, that the company has assets worth from $155,000 to $200,000.

Subsequently Dissette asked to have the stock transferred to him upon the books of the corporation, and, the corporation refusing so to transfer, this suit was brought to obtain a mandatory injunction to compel the Cutler Company to transfer the stock on the books, and to deliver to him the certificates of the shares of stock.

The plaintiff filed his petition, setting up very fully and completely his cause of action, and the contract that was entered into. The defendant filed a general denial, and this was the issue upon which the cause went to trial.

The claims asserted by the defendant why this writ should not be granted are numerous:

First. That there was an understanding entered into—long prior to this resolution which Dissette alleges as a contract allowing him compensation—

to the effect that, if this finance proposition was not carried on to completion, Dissette was to have nothing, but that, in case it went on and was completed, Dissette was to have a double fee. Inasmuch as no fee was announced, one has no little difficulty in determining what a double fee would be; but this is the claim of the defendant company why this stock should not be issued—that the project failed, and by virtue of this arrangement made by Dissette and Cutler he was to have nothing in case it failed, but was to have a double fee in case it succeeded.

Now it must be remembered that these letters or conversations by which this agreement is claimed date way back in 1921 and it was in 1924 that the contract upon which Dissette's suit is based was entered into; so, of course, anything that took place prior to that time would not be admissible as evidence; it would be eliminated by the subsequent contract. It would be merged or changed by the subsequent contract. A written statement, if made prior to a completed contract, would have no more efficacy than a verbal statement, if nothing were said about those written or verbal former communications in the completed contract. This, I think, disposes of the first proposition.

The second proposition is that Cutler, a man 50 years old, a keen, wide-awake business man, who has prospered in the world, says that this contract was signed, but that he did not read it, and that he did not know, except in a general way, its contents. It was said for him in argument that it was signed under duress, but there is not a particle of evidence that would bear out that contention, and it would be a very strange matter if a man who can read, and

is an able business man, should be permitted to evade his responsibility by saying he did not read a contract which he signed, especially one so important as the contract in question; but unfortunately for his contention there is evidence in this record to show that there was a discussion of this matter before the resolution was passed by the board of directors. Dissette seems to have wanted 15 per cent. of the stock, and Cutler did not want to give more than 10 per cent., and so a compromise was entered into for 12½ per cent. of the capital stock to be issued to Dissette, for which he gave up or was to give up all his rights to compensation for whatever services he had rendered prior to that time, including the services for refinancing or purchasing the land in the present instance.

We think, from the fact that Cutler could read and did not read, if it was a fact that he did not read, and the evidence is against him upon that proposition, that we cannot put much confidence in the second contention of the defendant.

Now the third contention is rather a novel one, and raises an interesting question in contracts The contention is that, giving full force and effect to this resolution on the books of the corporation, which allows Dissette compensation, it was an accord without satisfaction, and until there had been satisfaction neither party would be bound by the so-called accord, and many cases are cited which seem to bear out this contention. The writer of this opinion thinks that that question depends upon the manner in which the action is brought. Suppose, for example, that Dissette had had fees coming to him, say in the sum of $8,000, and that he agreed to take,

in lieu thereof, and for other services to be rendered, 12½ per cent. of the stock of the corporation, and that such a contract was entered into legally, and the corporation failed to comply with the terms of its contract, and neglected and refused to transfer the stock to him. He then goes back and sues for the $8,000 that was due him prior to this so-called accord, and the defendant comes in and pleads as a defense that he cannot recover his 8,000 for the reason that there was an accord and they had allowed him 12½ per cent. of the capital stock. Now Dissette in such a case could rightfully reply:

"That is true; I entered into such an agreement, but there has been no satisfaction, and therefore your claim is not a defense, and I can maintain my original action for the $8,000."

Now, I take it that an examination of the authorities that are cited will show that the questions in those cases arose in some such manner. Of course such plea would not be a defense, because there had been no satisfaction; but does it follow from that, that a contract could not be made, based upon a past consideration, entered into legally between two persons who are capable of making a contract; that stock, or property, or money, or anything else, could not be given for a prior obligation? That is not what we call an accord. It is a bilateral executory contract, based upon a sufficient legal consideration, and may either be waived, and the original action maintained, or be made the basis of a suit for the enforcement of the terms of that contract. The books are filled with cases of this kind. If that were not the law, there could be no such thing as a suit on an account stated. There could be no such thing

as a suit brought upon a compromise claim. I say the books are filled with cases where a person having a claim, whether it was tenable or not, which sounded in fact, and was not a conjured-up claim, even though he might lose ultimately, yet if he gave up his right to maintain such a suit, upon the promise of a sum of money or other articles being given him, could surely maintain a suit upon this new promise.

To illustrate: I am injured by the Cleveland Railway Company. There may be some question as to whether or not I could recover, but I present my claim to the company, and they tell me they do not believe I can recover, but, if I will not bring a suit against them, and will give up my claim, they will give me, say, $1,000. If they don't give me that $1,000, there is no reason in the world why I cannot sue upon that contract to recover the $1,000, even though I might not have been entitled to recover in the original claim. I say the books are filled with authorities of this kind.

So, applying that doctrine to the instant case, here is a claim for attorney's fees and services rendered by Dissette to the Cutler Company. In consideration of abandoning and giving up that claim he is promised by this resolution of the board of directors that they will assign and transfer to him $25,000 worth of the capital stock of this corporation. Now, on what theory can he not recover? Of course, if there had been a satisfaction, if they had transferred this stock to him, there would have been no need for a lawsuit; and had the stock turned out to be worthless, and he had brought suit for his fees on his original claim, the defendant could properly plead

an accord and satisfaction, and he could not recover.

Now, that is not this case. This case, shorn of all its adornments and verbiage and surmises, is a plain case of a suit brought to recover upon a promise based upon a past consideration. In other words, instead of being an accord, it was a suit upon a bilateral contract that was executory in nature, but made between two persons competent and able to make contracts, and upon a sufficient consideration. Now, under the circumstances, it was not necessary for Dissette to prove what the value of his services was. It may be the very purpose of accepting this new contract and agreeing to take this stock was because of the very difficulty of proving what his services were worth for the past 10 years. Maybe the very purpose of having an account stated, and suing upon an account stated, is to avoid the responsibility and difficulty of proving each item contained in the account. If the account is stated, and it is submitted to the party, and he agrees to pay it, that settles it, and the claimant can sue and recover upon an account stated, irrespective of the correctness of the account submitted, unless there was fraud, and it is set up. This case does not involve fraud; there is nothing but a plain general denial filed to this suit.

We think, therefore, that the plaintiff is entitled to the relief that he seeks; that there was an unambiguous contract that was made by a board of directors, who were business men, capable of reading and understanding its terms; that the contract has not been complied with; and that Dissette is entitled in

law and in equity to have these certificates of stock transferred to him.

The decree of the court will be for the plaintiff.

*Decree for plaintiff.*

ₛSULLIVAN, P. J., and LEVINE, J., concur.