## FRIEND v HILLIARD

Ohio Appeals, 4th Dist, Hocking Co
· Decided April 16, 1930

Edwin D. Ricketts, Logan, for Friend.
F.' N. R. Redfern, Adelphi, Eugene Wright, Logan, for Hilliard.

**BLOSSER, J.**

The defendant claims that the agreement was not clearly proven and that even if proven it comes within the statute of frauds and is not inforcible. After a consideration of the case we think that the parties made the agreement as claimed by the plaintiff, and that pursuant thereto she paid her share of the costs and gave the defendant a valuable right by dismissing her case number 6476. This was a sufficient consideration. **9 Ohio Jurisprudence, 301.** She can not be restored to her former position if said agreement of compromise is not carried out. By tendering the defendant the agreed price of thirty dollars she was entitled to the deed for the roadway. We doubt if the statute of frauds is applicable to this case, but even tho it is applicable there was such part performance as to take the case out of the statute and the plaintiff is entitled to have the agreement specifically performed.

Agreements or settlements and compromise are highly favored in law. Courts will in a proper case decree specific performance of an agreement of compromise and settlement in accordance with the general rules and principles applying in the case of other contracts. **7 Ohio Jurisprudence 1010, Wright, 406, 12 C. J. 361, 5 R. C. L. 901.** See also **Weed et al v. Terry, 2 Douglas (Mich) 344.**

A decree for specific performance may be entered in accordance with the prayer of the petition.

Middleton, PJ., and Mauck, J., concur.