ROYAL INDEMNITY CO v McFADDEN et

Common Pleas Court, Hamilton Co

Decided March 28, 1939

Stewart & Bierne, Cincinnati, for the demurrer.

Dolle, O'Donnell & Cash, Cincinnati, for plaintiff.

## OPINION

By MACK, J.

Plaintiff alleges that it is a corporation duly authorized to transact the business of writing automobile casualty insurance; that it wrote a policy for Louis J. Dolle, Jr., agreeing to indemnify him from liability for personal injury and property damage caused by the operation of said Dolle's Ford automobile to the person or property of others; that it agreed to defend said Dolle in all suits filed for such injuries or property damage; that as a part of such contract plaintiff had the right to investigate claims with respect to the liability of said Dolle and to make settlements as it saw fit for said claims.

It is further alleged that the defendant Ida M. McFadden was injured by the automobile of said Dolle; that claims were made on account thereof by her and her husband, the defendant Charles L. McFadden; that plaintiff investigated said claims and discussed the settlement of same with said defendants.

It is alleged that defendants offered to settle all their claims with plaintiff for $8,000 and that plaintiff accepted said offer, but that thereafter defendants repudiated said agreement of settlement.

It is further alleged that thereafter defendants respectively filed separate suits against said Dolle for their claims, which were covered by said settlement agreement; such suits being for the sum of $3,164.93 by said Charles L. McFadden, and for the sum of $35,000 by said Ida M. McFadden.

It is alleged that it will be necessary for plaintiff to spend large sums of money in the defense of said actions, although plaintiff is not a party to said actions, and that plaintiff has no adequate remedy at law whereby it can set up said settlement agreement in defense of said suits.

It is stated that plaintiff is ready and willing to pay said $8,000 and requests this court to make the payment of said sum a condition precedent to a decree for the relief prayed for in the instant suit.

Plaintiff prays as follows:

1. For a permanent injunction against the prosecution of said suits;

2. For a decree requiring defendants to accept said $8,000 in full settlement of all claims;

3. For a declaration of rights to the effect that the payment of said $8,000 to defendants will fully discharge plaintiff's liability on its policy of insurance as full satisfaction of all of the claims of defendants arising out of said accident:

4. For injunction and decree of specific performance or any other relief appropriate to force defendants to carry out said contract of settlement of all claims for $8,000.

To such petition defendants have filed a general demurrer that the facts stated do not constitute a cause of action in favor of plaintiff. Such demurrer assumes the facts pleaded to be true.

Determination of such demurrer will be assisted by reference to certain well established principles of law. Among such principles are the following:

(a) Inasmuch as the alleged agreement of settlement between plaintiff and defendants related to the contractual liability of the plaintiff under its policy of insurance, such agreement was not within the statute of frauds requiring the same to be in writing. It was not a promise to answer for "the debt, default or miscarriage

of another," but related to an obligation of the plaintiff itself.

(b) There was the necessary legal consideration to support the alleged contract of settlement. On the one hand, there was the promise of plaintiff to pay $8,000, and on the other hand, there was the promise of defendants to accept $8,000 in full settlement and discharge of all claims of the defendants arising out of the tort in question. That such mutual promises are sufficient consideration to support the contract of settlement has been expressly adjudicated.

9 O. Jur., p. 306, §77.

"Thus we have a case in which one promise was made in consideration of another promise, which, in law, is a good consideration." **Matthew, Admr. v Meek, et al, 23 Oh St, 272, at 292, per McIlvaine, J.**

"In such agreement. the undertaking of of each party is based on the undertaking of the other, which, in law, is a sufficient consideration to support the contract." **Breslin v Brown, 24 Oh St, 565, at 569, per McIlvaine, J.**

"Mutual promises, if of a substantial character, not open to the charge of illegality, and involving benefit to the promisors respectively, ordinarily afford sufficient consideration for the contract of the parties. This contract on its face implied advantage to each."

**Doan v Rogan, 79 Oh St, 372, at 385, per Spear, J.**

"It is enough that the agreements of the parties were new or created by the contract, were absolute, and not dependent or conditional, were reciprocal and affected legal rights of either or both of the parties—a case of mutual promises, one of which is the consideration for the other." **Moers v Moers, 229 N. Y., 294, at 301, per Collin, J.**

(c) Where a defendant in an action is liable to the plaintiff, and in turn, a third person is under legal responsibility to respond to the defendant for such liability, the defendant in the action has a right to advise such third person of the litigation and give such third person the right to defend the same, and upon failure to do so to hold such third person responsible for any judgment rendered in such suit. This is a well established doctrine of the common law.

Chicago v Robbins, 2 Black (U. S.) 418,

at 422 and 423; Robbins v Chicago, 4 Wallace (U. S.) 657.

Conclusiveness of judgment against those "liable over" where there is notice of suit and opportunity to defend, is the same whether the obligation of those "liable over" arises out of contract or by operation of law.

23 O. Jur., p. 843.

In **Bank v Bank, 68 Oh St, 43 at 50,** Schauck, J. states the principle as follows:

"Upon examination of numerous decisions in other states and in the Federal Courts, it appears that the doctrine is of general application without regard to the nature of the liability over of the person notified, whether it arises out of contract or by operation of law. Many cases illustrative of the varied applications of the doctrine are collected in Black on Judgments, Section 574, and Bigelow on Estoppel, page 131. They seem to recognize no exception to the rule that in an action to recover from one liable over on account of a demand upon which there has been a judgment against the plaintiff, the defendant is bound by such judgment if he had due notice of the suit in which it was rendered and an opportunity to defend."

Judge Oliver B. Jones applied the same principle in **City of Cincinnati v Boston, 7 Oh Ap, 350, at 354.**

At the common law when such third person was given notice and opportunity to defend the suit and was held liable for any judgment, the expression employed to cover such matter was that of "vouching in" such third person.

In the case of **American Bonding Company v Board of Education, 8 Oh Ap, 216, at 219,** Judge Gorman, in speaking of cases in which a party is liable over, refers to "the rule that a party being vouched in such a case is bound to appear and make a defense, and if he fails to do so he will be concluded and bound by the judgment."

(d) While it is true, as held in **Leavitt v Morrow, 6 Oh St, 72,** that an accord and satisfaction, moving from a stranger, if accepted in discharge of the debt, constitutes a good defense in an action against the debtor, it is well settled that until the terms of an agreement of compromise or settlement are carried into effect by the payment of the money or the delivery of the property there is no accord and satisfaction and a plea of accord and satisfaction can not be made.

(e) While it is true, as held by the Supreme Court in the case of Schaefer v First National Bank, 134 Oh St, 511, 13 OO, 129, that the jurisdiction to grant a declaratory judgment is not limited by the terms of the statutes to those cases in which no remedy is available either at law or in equity, nevertheless an action seeking a declaratory judgment should not be maintained in a case where the ▮▮▮▮▮ petition alleges the necessary facts and the prayer thereof calls for ultimate and effectual relief.

Bearing in mind the foregoing principles, it seems to the court that the demurrer in instant case can be determined on the fourth ground of the prayer of the petition as above set forth, viz., a decree of specific performance and an injunction.

In the well known and authoritative text book. "Fry on Specific Performance" (6th Edition at page 17) it is said:

Section 1578: "The court will specifically enforce private compromises of rights in the way in which it will any other contracts; and inasmuch as the compromise of a bona fide claim to which a party believes himself to be liable, and of the nature of which he is aware, is a good consideration for a contract, the court, in enforcing the compromise, will not inquire into the validity of the claim on which it is founded."

Section 1580—"Where the compromise sought to be enforced related to proceedings in another court, it was manifest that the Court of Chancery could only entertain jurisdiction on a bill filed."

Accordingly, for almost one hundred years, the English Courts of Chancery have maintained bills in equity for the specific performance of compromise or settlements and have issued decrees requiring the defendants to carry out the terms of such compromises or settlements. Reference to some of such cases is here made:

Turner v Green, 1895—2' Chanc. 205—Chitty, J.

Atwood v ——————— 1 Russell, 353—Lord Gifford, Master Rolls.

Miles v New Zealand, etc. Co., 32 Chanc. Div. 266, at 297 and 298—Fry, L. J.

Nicoll v Jones, L. R., 3 Eq. 696.

Wood v Rowe, 2 Bligh, 595 at 617.

Richardson v Eyton, 2 DeG. M. & G., 79.

Pryer v Gribble, L. R., 10 Chanc. 534. In Ohio there is a recorded case decreeing specific performance of an agreement to compromise.

Friend v Hilliard, 8 Ohio Law Abs, 318 (1930, Court of Appeals, 4th District) Blosser, J.; Middleton and Mauck concurring.

The rule is thus laid down in said case:

"Agreements of settlements and compromise are highly favored in law. The court will in a proper case decree specific performance of an agreement of compromise and settlement, in accordance with the rules and principles applying in the case of other contracts."

It follows from the foregoing that the demurrer to the petition will be overruled, and in the opinion of this court if the allegations of the petition are sustained by proof of a valid agreement of compromise, there should be ▮▮▮▮▮ a decree specifically requiring defendants to carry out the settlement or compromise and execute the necessary papers, and that in default thereof the decree of the court should stand as a release and discharge of the insured, Dolle, upon payment of the $8,000, and that an injunction should issue against the prosecution of the separate suits filed by defendants.

In conclusion it is deemed opportune to add the following:

Joinder of both husband and wife, as defendants, has been made necessary in any proceeding wherein plaintiff may seek to enforce or set up its rights under the contract of settlement, because such contract was for a lump sum for all claims of both husband and wife, instead of separate amounts for each.

When plaintiff effected settlement of its insured's liability, under the terms of its policy, such settlement related to plaintiff's obligation under such policy. That such settlement concerned plaintiff's obligation is emphasized by the express provisions of §9510-3 and 9510-4, GC. These provisions give to one, who secures a judgment by reason of bodily injuries or death against one insured against loss or damage on account thereof, the right to pursue the insurance company in event such judgment is not satisfied within thirty days after its rendition.