## ROYAL INDEMNITY COMPANY v McFADDEN et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5686.   Decided Jan. 29, 1940.

Dolle, O'Donnell & Cash, Cincinnati, for appellee.

James G. Stewart, Cincinnati, and C. R. Beirne, Columbus, for appellants.

## OPINION

By MATTHEWS, J.

In this action, the plaintiff, a casualty insurance company, seeks to compel the defendant to observe the terms of an agreement to settle for $8000.00 claims made by them against

an insured arising out of a collision between two automobiles, in one of which the defendant Ida M. McFadden was riding, and the other of which was operated by the insured. The plaintiff's policy required it to indemnify the insured against loss on account of personal injury and property damage to third persons occasioned in the operation of the insured's automobile. The policy also obliged the plaintiff to defend any and all actions instituted against the insured for damages on account of personal injuries or property damage caused in the operation of the insured's automobile.

The defendants had instituted actions against the insured, and this action seeks to have the court declare that a compromise was entered into, and that it is binding upon the defendants, the specific performance of the agreement and an injunction restraining the defendants from prosecuting their actions against the insured.

The defendants demurred to this petition, which was overruled by the court. They then answered, denying that any agreement of settlement was made, and affirmatively alleging that under the terms of the policy the insured was bound to co-operate in the defense of any action brought against him including the right and duty to allege by way of defense any settlement made by the plaintiff of the claim sued upon, and that, the court has no jurisdiction of the subject of this action.

As the result of a trial of these issues, the Common Pleas Court found in favor of the plaintiff, and, upon request, stated its findings of fact and conclusions of law separately. The court granted specific performance of the contract which it found as a matter of fact had been entered into and perpetually enjoined the defendants from prosecuting their actions against the insured.

The appeal is on law and fact. However, the case is presented to this Court upon the record made in the Common Pleas Court without any additional evidence.

(1) A careful reading of the evidence discloses that shortly after this automobile collision, the plaintiff's agent visited the defendants in their home, and thereafter, either by invitation, or on his own initiative, continued to visit them from time to time. At the first visit there was no talk of settlement, but is was not long before the manifest purpose of the visits was openly discussed. It is manifest that in these discussions the leading parts were taken by the plaintiff's agent and the defendant, Ida M. McFadden. She was the one who had been injured. Her husband's claim was limited to that of loss of services and was never more than incidentally mentioned—if at all. Mrs. McFadden demanded $10,000.00 and did not recede from that position for a long time—if ever. The plaintiff's agent offered various sums. At one time he offered $7500.00, which was declined by Mrs. McFadden, and then withdrawn by the plaintiff. This situation continued from March, 1936 to February, 1938. During all that time, the plaintiff was dealing directly with Mrs. McFadden. It was she who refused the various offers made by the plaintiff's agent, and the plaintiff's agent knew this. Certainly, nothing had transpired up to that time that would have led a reasonable person to conclude that she had clothed Mr. McFadden with authority to agree with the plaintiff upon the amount for which she would settle. If any inference could be drawn, it would be that she was the one that would determine the amount of the settlement, not only for her own claim, but also that of her husband for his damage on account of her physical injury.

Now in February, 1938, while the negotiations were at this juncture, Mr. McFadden appeared at the plaintiff's office, and it is the plaintiff's contention that he suggested that the agent secure authority to settle for $8,000.00, saying, however, he would have to consult Mrs. McFadden and find out whether she would accept it. This statement by Mr. McFadden at this meeting confirms the conclusion that up to that time Mrs. McFadden had not authorized

Mr. McFadden to agree upon the amount of a settlement—and is conclusive on that point. It is claimed,— and there is evidence to support it—that later he telephoned the agent that Mrs. McFadden had agreed to accept $8000.00. The plaintiff authorized its agent to pay $8000.00, and he so notified Mr. McFadden.

Now, Mr. McFadden denies that he offered to accept $8000.00, and denies that he ever told the plaintiff's agent that Mrs. McFadden had agreed to it. Mrs. McFadden also denies that she ever authorized Mr. McFadden to accept or make any such offers.

If this were a case in which the plaintiff was asserting a settlement with Mr. McFadden alone, we would be required to weigh the evidence and determine whether the plaintiff had sustained the burden of proof resting upon it. But it is not such a case. This case is primarily between the plaintiff and Mrs. McFadden. This agreement was not made and could not have been made, unless she agreed to it. She was a necessary party to the meeting of the minds.

Now, it is not claimed that the plaintiff's agent had any direct communication from Mrs. McFadden agreeing to this settlement. The only claim is that Mr. McFadden agreed for and on her behalf. To bind her, therefore, Mr. McFadden had to have authority to do so. And the burden of proof was on the plaintiff to show that authority. The only item that could be considered evidence of such authority is the testimony of the plaintiff's agent that Mr. McFadden had agreed, and, inferentially, that she had authorized him to so state.

The fact that he was her husband raised no inference of authority. 21 O. Jur. 419. The fact that he also had a claim arising out of his wife's injuries conferred no authority on him to settle her claim.

The husband's admissions are not binding on or competent against the wife. 21 O. Jur. 405.

Even assuming that Mr. McFadden asserted authority or told the plaintiff's agent that she had agreed would be no evidence against her. Gibson v Bradford Belting Co., 68 Oh St 442.

The plaintiff could only succeed on proof of actual authority. There had never been any prior similar transactions upon which to predicate a holding out from which authority could be implied. This was the first transaction, and, for that reason, evidence of actual authority was essential.

A careful analysis of this evidence has caused us to reach the conclusion that there is a complete failure of proof that Mrs. McFadden ever conferred upon Mr. McFadden any authority to agree on her behalf to the amount of a settlement for her injuries.

Having failed to prove Mr. McFadden's authority, the plaintiff failed to prove that Mrs. McFadden made the contract sued upon. There is a complete dearth of evidence that Mrs. McFadden actually agreed and authorized Mr. McFadden to communicate her agreement to the plaintiff.

(2) Counsel urges that resort to this action was necessary because an unsatisfied accord is not binding at law and can only be enforced in equity. Assuming but not deciding that there is any distinction between law and equity on that subject, would any such distinction require recourse to an independent action notwithstanding the pendency of actions to enforce the causes of action to which the unsatisfied accord relates?

The Common Pleas Court in which all these actions were instituted is a court of general law and equity jurisdiction. This jurisdiction is not divided for any purpose. All of it is invoked in the same way and is available and is exercised in a single action under a uniform system of pleading. The code of civil procedure makes no distinction. By §11315, GC, it is provided that:

"The defendant may set forth in his answer as many grounds of defense,

counter-claim and set-off as he may have, whether such as heretofore have been denominated legal or equitable, or both. But the several defenses must be consistent with each other, and each must refer in an intelligible manner to the cause of action which it is intended to answer."

Under the provisions of this section, any relief which could be awarded to the plaintiff in this action, it could secure in other actions. The plaintiff in this action has a right under its policy to insist that the defendant avail himself of every defense. Its policy gives it the right and imposes upon it the duty to defend such actions, and, even in the absence of an express provision, inasmuch as it is liable over it could be and has been vouched in to defend them.

The court therefore holds that this action cannot be maintained because the plaintiff's remedy at law is adequate, by reason of the pendency of ▮▮▮▮▮ the actions upon the original claims in which the plaintiff here can secure all the relief which it would be possible to award it in this action.

(3) Treated as an action under §12102-1 et seq., GC, for a declaratory judgment the plaintiff must fail for the reasons already given. "A ▮▮▮▮▮ declaratory judgment is not a proper mode of determining the sufficiency of legal defense to a pending action." 16 Am. Jur. 295.

For these reasons, the court finds that the plaintiff has failed to prove a case for any relief in this case by way of declaratory judgment or otherwise.

The action will, therefore, be dismissed, at the costs of the plaintiff.

HAMILTON, PJ. & ROSS, J., concur.