VIDETTO, APPELLANT, *v.* MARSH, APPELLEE.[*]

(No. 1536—Decided July 8, 1960.)

Mr. *Tom Reed* and Mr. *Kent H. Meyers*, for appellant.
Messrs. *Arter, Hadden, Wykoff & Van Duzer*, Mr. *C. M. Horn* and Messrs. *Myers & Spurlock*, for appellee.

YOUNGER, P. J. The plaintiff, Charlie Videtto, is the father of Leonard Videtto, an infant, and on January 12, 1955, he, as next friend of his six-year-old son, commenced an action in the Common Pleas Court of Crawford County against the present defendant to recover for personal injuries which the child had received from the ignition of gasoline taken from a Sohio tank rented by Marsh for use in the operation of tractors and other equipment necessary for the performance of his contract with the government in the landscaping of residences occupied by the workmen who constructed the atomic energy plant near Waverly, Ohio.

*Motion to certify the record overruled, January 11, 1961.

In that case, at the close of the paintiff's evidence, the trial court directed a verdict for the defendant "on the ground that the defendant owed no legal duty to the plaintiff which was breached by the defendant."

An appeal was taken to this court on questions of law, and this court affirmed the judgment of the trial court, without opinion. A motion to certify the record was filed in the Supreme Court of Ohio, which was overruled.

The plaintiff had also, at that time, brought the present action in the same trial court for damages to himself for loss of services, medical and hospital bills, and so forth, against the same defendant, the damages sought to be recovered in both cases having arisen out of the same occurrence.

To the amended petition in the case now before us the defendant filed an answer which sets up among other defenses that the judgment in the child's case, against the child, estops or bars the plaintiff, as father, from maintaining this action for the recovery of his expenses. The defendant below also filed a cross-petition for a declaratory judgment, setting up the adjudication against the child as an estoppel and bar against the father in the instant case. The trial court assigned the case for trial on the issues joined by the cross-petition for a declaratory judgment and the answer thereto. Counsel for plaintiff, appellant herein, filed a written demand for a trial by jury since the action was one for the recovery of money only. A jury trial being denied, written exceptions were filed and a request made of the court to make separate findings of fact and conclusions of law.

The judgment of the trial court is as follows:

"The court finds for the reasons stated in the findings of fact and the conclusion of law that the defendant, Guy Marsh, has established the allegations of his cross-petition.

"It is therefore ordered, adjudged and decreed that judgment be and it hereby is rendered in favor of the defendant, Guy Marsh, and against the plaintiff, Charlie Videtto, and the plaintiff's petition is hereby dismissed, to all of which the plaintiff excepts."

The plaintiff filed a motion for a new trial, which was overruled. The gist of the motion was that the trial court erred in

refusing the plaintiff a jury trial in a money case, that the court erred in its findings of fact and conclusions of law and that the judgment predicated thereon was contrary to law.

In the appeal perfected to this court the plaintiff lists five assignments of error, and in his brief filed herein asserts they resolve themselves into two questions:

(1) Can a defendant, by filing a cross-petition for a declaratory judgment, prevent the plaintiff from having a trial by jury in an action for money only?

(2) Where an infant has brought an action for damages for personal injuries based on the negligence of a defendant, by his father and next friend, and lost, does the adjudication against him estop or bar his father from maintaining an action, for damages for the loss of services and medical and hospital expenses incurred, against the same defendant for negligence arising out of the same occurrence?

We are of the opinion that the action of the trial court in hearing the cross-petition for a declaratory judgment was prejudicial error as to the plaintiff.

It was error prejudicial to plaintiff for the trial court to hear the cross-petition for a declaratory judgment, which sought a legal determination of the issues and the sufficiency of legal defenses, when such matters were in issue in a pending case involving the same parties. It is stated in 16 Ohio Jurisprudence (2d), 648, Declaratory Judgments, Section 17, as follows:

"The general rule is that courts will refuse to entertain an action for a declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties. It has been stated that it would be an abuse of discretion to entertain an action for a declaratory judgment, where the questions upon which the declaration is sought involve disputed facts which are in issue in a pending action wherein they would again be the subject of judicial investigation and where such declaratory judgment would possibily result in injustice to the party who had brought such prior action. A declaratory judgment is not a proper mode of determining the sufficiency of legal defenses to a pending action."

The last sentence of the above quotation is taken from the opinion of the Court of Appeals for Hamilton County in the

case of *Royal Indemnity Co.* v. *McFadden*, 65 Ohio App., 15, and is a quotation used by that court from 16 American Jurisprudence, 295.

The answer to the second question raised by the assignments of error, as to whether the father is barred or estopped from maintaining an action for damages for loss of services and medical and hospital expenses incurred when the action was instituted as next friend of the son and was decided in favor of the defendant, is provided for us by the Court of Appeals for Stark County in the case of *Krisher* v. *McAllister*, 71 Ohio App., 58. The syllabus of that case is as follows:

"A parent who, as next friend of an injured minor, has prosecuted an action for injuries to such minor, and has had an adverse judgment in such action, is not thereby precluded from thereafter maintaining an action in his individual capacity to recover expenses incurred by him as the result of such injury, and the adverse judgment against his ward does not constitute *res judicata* as against him individually."

In that case, the court leaned towards an opposite holding and said in its opinion that there is much reason in the proposition that when an issue has been thoroughly litigated and finally determined and it has been decided that no cause of action exists for the injuries sustained, it follows that claims incidental to, or growing out of, these injuries should not thereafter be sustainable against one who has been found free from liability in the original action. The court continued:

"However, as we view it, we are not privileged to do pioneer work in this respect. The law of Ohio, as well as the law generally in the United States, is against the contention. It would be vain and profitless for us to review in detail the Ohio authorities which have been discussed elaborately by counsel in their briefs, and with which they are so entirely familiar."

The court in the above case also considered the question as to whether, if the father is not barred by the doctrine of *res judicata* he is estopped from proceeding with his action because of his active participation in the trial on behalf of his son and in the appeal thereon, and held that the father is not so estopped.

We think this case is still the law in Ohio, and we concur in the statements made in many of the cases that in the son's case

the son, and not the father, was the real party in interest and he appeared therein in a distinctly representative position created by statute as "next friend," and that as such he is not one and the same individual as the plaintiff in this case. Here, in contemplation of law he is a distinct person, and a stranger to the prior proceedings and judgment.

That there are two (or more) separate and distinct causes of action in cases of this kind involving a close relationship between those injured or damaged in a single occurrence is well illustrated in the case of *Kraut* v. *Cleveland Ry. Co.*, 132 Ohio St., 125, in which a wife brought suit against a railroad company for bodily injuries which resulted in judgment for the company. The husband's suit for loss of services and medical expenses was attacked on the ground that the matter was *res judicata*. The Supreme Court held:

"A judgment against a wife in her action for bodily injury is not a bar to an action by her husband against the same defendant for loss of services and for expenses for care and medical attention growing out of her injury."

For the above reasons, the judgment appealed from must be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

GUERNSEY and MIDDLETON, JJ., concur.