THERAPY PARTNERS OF AMERICA, INC., Appellant,

v.

HEALTH PROVIDERS, INC., Appellee.

[Cite as *Therapy Partners of Am., Inc. v. Health Providers, Inc.* (1998), 129 Ohio App.3d 572.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–13.

Decided Aug. 27, 1998.

574

*Brunner & Brunner Co., L.P.A., Rick L. Brunner, Thomas J. Broschak* and *Patrick J. Piccininni,* for appellant.

*Luiper, Sheriff & Neidenthal Co., L.P.A., Mark J. Sheriff* and *Jeffrey R. Davis,* for appellee.

JOHN C. YOUNG, Judge.

Appellant, Therapy Partners of America, Inc. ("Therapy Partners"), appeals the trial court's December 9, 1997 judgment entry granting the motion of appellee, Health Providers, Inc. ("Health Providers"), to dismiss appellant's complaint for declaratory judgment.

In March 1995, appellant, an Ohio corporation, entered into a contract with appellee, a Florida corporation, whereby appellee would provide therapy services to appellant's health facilities. By agreement of terms, the contract is governed by Florida law. The contract is silent, however, as to venue for the commencement of an action between the parties.

On May 9, 1997, Health Providers filed suit against Therapy Partners in the Broward County, Florida civil court, claiming that venue was proper in Florida and alleging a breach of contract. Appellee sought contract damages on the account and for services rendered. Service of summons was completed on appellant on June 13, 1997, in accordance with Florida law, and again upon appellant's statutory agent on July 5, 1997. Pursuant to Florida law, an action is commenced on the date of filing if proper service is made within one hundred

twenty days after the filing. Therefore, appellee's action was commenced in the Florida courts on May 9, 1997.

On June 9, 1997, subsequent to the commencement of the appellee's action, Therapy Partners instituted a declaratory judgment action in Franklin County seeking a declaration as to its rights and liabilities regarding the contract, and seeking judgment that Ohio, rather than Florida, is the appropriate venue for an action between the parties. Appellant's complaint addresses the same issues regarding venue, breach of contract, and services rendered as does appellee's Florida complaint.

On July 11, 1997, appellee filed a motion to dismiss appellant's complaint on the grounds that Therapy Partners had failed to state a claim upon which relief can be granted. The trial court granted appellee's motion, and this appeal followed.

Appellant asserts the following assignment of error:

"The trial court erred in dismissing plaintiff-appellant's complaint for failure to state a claim upon which relief may be granted."

Appellant argues that a party may file a declaratory judgment action either before or after a breach of contract has occurred, that the trial court used the wrong standard of review in deciding appellee's motion to dismiss, and that appellant had satisfied all elements necessary to state a claim for declaratory judgment.

■ Appellant is correct that in proper circumstances a declaratory judgment action may be brought either before or after a breach of contract has occurred. *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 111–113, 30 OBR 424, 426–428, 507 N.E.2d 1118, 1121–1123. (The *Gill* court held that an action may be brought to determine contractual obligations of an insurer to defend or indemnify its insured in a tort action brought against insurer by a third party.) However, the instant matter differs from that in *Gill* in that the appellee has filed a direct action against appellant in a Florida court. There is no third party involved. Therefore, appellant's issue of whether a party may bring a declaratory judgment action against a party in a pending action between the parties themselves before or after a breach of contract is not well taken. The issue then before the court is whether dismissal of appellant's action was proper.

■ The decision of the trial court will not be disturbed absent a showing that the court abused its discretion. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218–219, 5 OBR 481, 481–483, 450 N.E.2d 1140, 1141–1142. Because of the pending Florida action, this court finds that the trial court's dismissal of appellant's complaint was not in error.

■ In order for a state court to obtain jurisdiction over a foreign party in an action brought before it, that party must have demonstrated some minimum contact with the forum state sufficient to show that he has deliberately created continuing obligations between himself and residents of the forum. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528. A party establishes minimum contact with a forum state if he has manifestly availed himself of the privilege of conducting business in the state. Jurisdiction may not be avoided merely because the party did not physically enter the forum state. *Id.* See, also, *CompuServe, Inc. v. Patterson* (C.A.6, 1996), 89 F.3d 1257. The *CompuServe* court held that a party had, by the act of using an internet service located in the forum state, established sufficient minimum contact in that state to permit the court to assert jurisdiction over him. *Id.*

■ A review of the record reflects that appellant had created sufficient minimum contacts with appellee in Florida to justify Florida's exercise of personal jurisdiction over appellant in that state. See *Clark v. Connor* (1998), 82 Ohio St.3d 309, 695 N.E.2d 751. Appellant had transacted business and entered into a contract with appellee, a Florida corporation. Therefore, appellee's suit was properly filed in Florida and service rendered in accordance with Florida's statutory requirement. See Fla.Stat. 48.151 (1997) and Fla.R.Civ.P. 1.050 (1997) and 1.070.

■ The record also shows that appellant's complaint was filed on June 9, 1997, and service completed June 16, 1997, three days after appellee's service had been completed in Florida. Therefore, from the record, it is apparent that Health Providers' Florida action was commenced first, giving it priority over the Ohio declaratory judgment action of Therapy Partners.

■ The Ohio Supreme Court has held:

" '[A]s between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals.' " *State ex rel. Balson v. Harnishfeger* (1978), 55 Ohio St.2d 38, 39, 9 O.O.3d 21, 22, 377 N.E.2d 750, 751, quoting 14 Ohio Jurisprudence 40, Divorce and Separation, Section 30. See, also, *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 162, 540 N.E.2d 239, 240–241; *Brooks v. Brooks* (Nov. 1, 1988), Franklin App. No. 87AP–980, unreported, 1988 WL 118814.

■ As between state courts of concurrent jurisdiction, where claims or causes of action are the same in both cases, " ' "the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the

exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." ' " *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 123, 656 N.E.2d 684, 688, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus.

 Once jurisdiction "has attached in a proper court, no other court may exercise conflicting jurisdiction until the first court has exhausted its jurisdiction. * * * A court exhausts its jurisdiction only subsequent to a final judgment which disposes of all issues before that court." *Brooks* at 5, 1988 WL at *2.

The question presented here is one of jurisdiction. This court may not determine the appropriateness of jurisdiction asserted by another state court. The question of jurisdiction must be contested in the court that has first asserted jurisdiction over the matter. In this case, the question of jurisdiction must be brought before the Florida court in which the action was first brought.

As has been stated above, the Florida action entails the very issues upon which appellant seeks a determination in Ohio, and appellant may defend its position in the Florida courts. Furthermore, the Florida court, having jurisdiction over the matter, has not exhausted its jurisdiction. Therefore, the trial court does not have jurisdiction to hear appellant's complaint, wherein the issues sought to be resolved in Ohio are those that could be resolved in Florida. Therefore, dismissal of appellant's complaint was not error in this regard.

 Appellant also argues that the trial court used the wrong standard of review in deciding appellee's motion to dismiss. In *Ohio Academy of Nursing Homes, Inc. v. Barry* (May 25, 1993), Franklin App. No. 92AP–1266, unreported, 1993 WL 186656, this court held:

"There are only two grounds for dismissal of an action for declaratory judgment: (1) Where no real controversy or justiciable issue exists between the parties, or (2) when the declaratory judgment will not terminate the uncertainty or controversy * * *."

 While indeed there is a controversy between the parties, the determination of the Ohio declaratory judgment complaint will not terminate the uncertainty or controversy in the matter of the Florida action. Further, declaratory judgment is inappropriate when, as in the instant matter, a resolution of the controversy depends greatly upon a determination of the facts of the case, *Baker v. Miller* (1972), 33 Ohio App.2d 248, 249, 62 O.O.2d 356, 357, 294 N.E.2d 901, 902–903, especially when the same facts are at issue in a pending action. *Videtto*

*v. Marsh* (1960), 112 Ohio App. 151, 153, 16 O.O.2d 75, 76–77, 175 N.E.2d 764, 765–766.

In reviewing a declaratory judgment claim for validity, the trial court must determine (1) whether a real controversy exists between the parties, (2) whether the controversy is justiciable in nature, and (3) whether the situation requires speedy relief in order to preserve the rights of the parties. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97, 63 O.O.2d 149, 151, 296 N.E.2d 261, 264. Claims within the spirit of the Declaratory Judgment Act include those to ascertain the rights of the parties before either a cause of action has matured or before an adverse party files suit, neither of which is the case here. *Id.*

In applying the foregoing criteria, the trial court found that appellant had failed to state a claim upon which relief can be granted because (1) a cause of action had already been filed in Florida, (2) the resolution of the controversy is largely dependent upon the determination of the facts in the matter, and (3) speedy relief is not necessary to preserve the rights of the parties in the Florida case. Therefore, this court finds that the trial court did not err in dismissing appellant's complaint.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.