OPINION
Plaintiffs-appellants, Carl E. Loper, Rick P. Miller, Jerry Callahan, Peter McBroom, Derrick Bryant, John A. Polston, John Boyer, Everett Mays, and Willis H. McNeil, appeal from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendants-appellees, Ohio Adult Parole Authority ("OAPA") and the Correctional Institution Inspection Committee ("CIIC").
According to plaintiffs' complaint, all plaintiffs are incarcerated at the London Correctional Institution, all have appeared before the OAPA for parole consideration, and all were denied release. Contending their denial was arbitrary, irrational and capricious, plaintiffs sought a declaratory judgment, injunctive relief, and equitable relief from the court against defendants. Defendants filed a Civ.R. 12(B)(6) motion to dismiss, and the trial court granted it. In the interim between defendants' motion and the trial court's decision, the trial court dismissed, without objection, plaintiffs Meeker and Chase, concluding their release from prison rendered their claims moot.
Plaintiffs, less the two dismissed in the trial court, appealed the trial court's judgment, but the appeals of two plaintiffs, Loper and Miller, were dismissed as untimely filed. The remaining plaintiffs assign the following errors:
 I. THE TRIAL COURT ERRED BY MISCONSTRUING THE ALLEGATIONS AND FACTS CONTAINED IN APPELLANTS' COMPLAINT, CAUSING THE TRIAL COURT'S DECISION NOT TO ADDRESS THE ISSUES RAISED IN THE COMPLAINT, THEREIN DENYING APPELLANTS ACCESS TO THE STATE COURTS FOR THOSE CLAIMS.
 II. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' COMPLAINT PURSUANT TO CIV.R. 12(B)(6), WHEN THE COMPLAINT STATED A CLAIM, AND ALLEGED SUFFICIENT FACTS WHICH WOULD HAVE ENTITLED APPELLANTS TO RELIEF UNDER SECTION 2721.02 [DECLARATORY JUDGMENT ACT] OF THE OHIO REVISED CODE, HAD THEY BEEN PERMITTED TO SUBMIT PROOF IN SUPPORT OF THOSE CLAIMS.
Plaintiffs' assignments of error are interrelated and will be addressed jointly. Essentially, plaintiffs contend the trial court erred in granting defendants' motion to dismiss pursuant to Civ.R. 12(B)(6) because (1) the trial court misconstrued the allegations contained in plaintiffs' complaint, and (2) plaintiffs alleged sufficient facts in their complaint to demonstrate they were entitled to relief under R.C.2721.02.
The crux of plaintiffs' argument centers on the Equal Protection Clause of the Ohio Constitution. Plaintiffs indicate throughout their brief that they are not relying on the federal constitution. To avoid confusion, we note that the protection afforded by Ohio's Equal Protection Clause is essentially identical to the protection afforded by its federal counterpart. Kinney v. Kaiser Aluminum Chem. Corp. (1978),41 Ohio St.2d 120, 123.
The dismissal of a complaint pursuant to Civ.R. 12(B)(6) presents a question of law which we review de novo. State ex. rel. Drake v. Athens City Bd. of Elections (1988), 39 Ohio St.3d 40. In order for a trial court properly to dismiss a complaint pursuant to Civ.R. 12(B)(6), it "must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 93, citing York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144. Furthermore, in construing the complaint the trial court "must presume the truth of all the factual allegations in the complaint and make all reasonable inferences in favor of the nonmoving party." Shockey, at 94.
"There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy." Halley v. Ohio Co. (1995), 107 Ohio App.3d 518, 524; Therapy Partners of Am., Inc. v. Health Providers, Inc. (1998), 129 Ohio App.3d 572, 578; Burger Brewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93. A justiciable issue requires the existence of a legal interest or right. In Defense of Deer v. Cleveland MetroParks (2000), 138 Ohio App.3d 153,163. "A `controversy' exists for purposes of a declaratory judgment when there is a genuine dispute between parties having adverse legal interests * * *." Wagner v. Cleveland (1988), 62 Ohio App.3d 8, 13.
Plaintiffs' complaint sought declarations regarding thirty-one issues. The declarations can be grouped loosely into three categories: (1) fourteen concern whether OAPA applied its parole guidelines to plaintiffs in a manner that violated plaintiffs' right to equal protection, (2) fifteen concern statutes, rules or policies, and the intent of the Ohio Legislature, and (3) the two remaining declarations concern the impact of plea agreements and judgment entries on the parole board.
The first group raises issues concerning the Equal Protection Clause. Plaintiffs have no constitutional right to parole. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125; State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490. In addition, OAPA has very broad discretion in determining when to grant or deny parole. State v. Wilburn (Dec. 22, 1999), Lawrence App. No. 98CA47, unreported, quoting Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth. (C.A.6, 1991), 929 F.2d 233. OAPA can grant or deny parole "for any constitutionally permissible reason or for no reason at all." Inmates of Orient Correctional Inst., supra.
Plaintiffs do not assert a constitutional right to parole, but rather contend OAPA violated the Equal Protection Clause of the Ohio Constitution by treating similarly situated prisoners differently. Although OAPA exercises broad discretion, it cannot deny parole in a constitutionally impermissible manner. Id. Indeed, a "declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines." Hattie v. Anderson (1994), 68 Ohio St.3d 232, 235, citing State ex rel. Adkins v. Capots (1989), 46 Ohio St.3d 187; Linger v. Ohio Adult Parole Auth. (Oct. 14, 1997), Franklin App. No. 97APE04-482, unreported.
Nevertheless, plaintiffs' complaint does not present a justiciable issue. "To succeed on a claim challenging a parole release decision and the broad discretion afforded the Parole Authority for purposes of establishing a violation of equal protection, a complaining party must show `exceptionally clear proof' that the board abused its discretion. Specifically, the prisoner must show `purposeful discrimination' and then establish that the discrimination had a discriminatory affect on him." Mayrides v. Ohio State Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, unreported, quoting Nedea v. Voinovich (1998),994 F. Supp. 910, 916-917. Although Mayrides was decided on summary judgment and plaintiffs' case here was dismissed pursuant to Civ.R. 12(B)(6), plaintiffs failed to allege purposeful discrimination in their complaint. Thus, even taken as true, plaintiffs' complaint fails to state a claim upon which relief can be granted. As a consequence, the complaint does not present a justiciable controversy.
Moreover, in order to state a valid claim under Ohio's equal protection clause, plaintiffs must allege they are being treated differently than similarly situated individuals. State ex rel. Patterson v. Indus. Comm. of Ohio (1996), 77 Ohio St.3d 201, 204. Given the myriad of factors the parole board considers in reaching its determination, plaintiffs cannot maintain an equal protection argument concerning a parole decision when the basis for claiming that inmates are similarly situated in the crime committed or the sentence imposed, as plaintiffs do. See, e.g., State v. Lamar (Aug. 13, 1998), Lawrence App. No. 95CA31, unreported (concluding that more than a similar or same offense is required to show inmates are similarly situated).
Similarly, the second group of fifteen declarations concerning the purpose of R.C. 2929.11, the procedures of Ohio Adm. Code 5120:1-1-07, the language of OAPA policy 501-36, and the Ohio legislature's intent concerning how parole should be granted, do not present a justiciable issue. To the extent that the requested declarations desire a pronouncement on the noted provisions, the declarations plaintiffs sought are distinguishable from those where the Ohio Supreme Court has "upheld the right to declaratory relief pertaining to the construction and validity of statutes and ordinances." Burger Brewing, at 96. Unlike the examples cited in Burger Brewing, plaintiffs are not challenging the validity of a statute or ordinance, nor are they advocating a specific construction. In essence, plaintiffs are merely asking for a declaratory judgment that restates the language of the statute, code, or policy at issue. Because there is no controversy concerning the text of any of the noted provisions, declaratory judgment is inappropriate.
To the extent plaintiffs seek an interpretation of legislative intent, the trial court again correctly determined plaintiffs' complaint fails to state a claim. The Declaratory Judgment Act does not "contemplate the rendition of advisory opinions, nor will the court pass upon remote, incidental or moot questions." Mentor Marinas, Inc. v. City of Mentor (Sept. 21, 1984), Lake County App. No. 10-133, unreported, citing R.C.2721.02 staff notes. An inquiry into the legislative intent and legislative history is inappropriate in the absence of an initial finding that the language of the statute is capable of more than one meaning. See United States v. Gonzales (1997), 520 U.S. 1, 6.
Relying on Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported, plaintiffs contend under the third group that their plea agreements restrict OAPA's discretion in granting or denying parole. Plaintiffs' complaint, however, does not assert any of the plaintiffs entered into plea agreements leading to their convictions. Plaintiffs' allegations fail to present a justiciable controversy falling within the parameters of Randolph.
Lastly, plaintiffs brought CIIC into the action in connection with their seeking a declaration on legislative intent. CIIC has no authority regarding parole. R.C. 103.73. Rather, CIIC inspects prisons and reports to the legislature. Accordingly, the trial court properly found no claim stated against CIIC, especially given the failure of plaintiffs' complaint to allege a claim for declaratory relief regarding legislative intent.
For the foregoing reasons, plaintiffs' assignments of error are overruled and the judgment of the trial court is affirmed.
 __________________ BRYANT, P.J.
TYACK and KENNEDY, JJ., concur.