**PRICE v DEMPSEY et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18073. Decided May 5, 1941

M. A. Copeland. Esq., Cleveland, for plaintiff-appellant.

Squire, Sanders & Dempsey, Cleveland, for defendants-appellees.

## OPINION

By LIEGHLEY, PJ.

Mary Price, mother of Edward P. Price, the plaintiff herein, died on the 1st day of September, 1932. Administrators were duly appointed to administer her estate. No account or report was filed by the administrators for a number of years. In 1939, plaintiff filed a motion in the Probate Court for an order requiring the administrators to account. This motion was granted and order issued, and in pursuance thereof, report or final account was duly filed in the fall of 1939.

No claim was filed by the plaintiff within four months, as required by §10509-112 GC. No application was ever made for leave to file a claim with the administrators under authority of §10509-134 GC. No motion was ever addressed to the Probate Court for an order on the administrators to turn over certain items of property to the plaintiff, claimed to be exclusively owned by him, and not assets of the estate for administration.

Although the account was filed as a result of the activities of the plaintiff, nothing further was done by him by way of challenging the correctness of this account. No exceptions have ever been filed to the account by the plaintiff.

Instead, plaintiff has elected to resort to an effort to procure a declaratory judgment. He seeks a judgment through which the probate court will tell him in advance what the ruling of that court upon proposed exceptions if and when filed, would be. So far as the petition discloses, the adminstration of this estate is still a pending proceeding and the final account not yet approved. He prays that the probate court will make certain pronouncements in advance upon issues not yet made in this pending proceeding and, dependent upon the nature of the judgment, may never be filed.

The plaintiff expressly states in his petition that the purpose for which he seeks a declaratory judgment is:

"In order that the rights of the various parties in interest herein may be declared and determined in advance of filing exceptions to the said account, files this, his petition for declaratory judgment."

With a proceeding pending in a court peculiar and dilatory results would follow if there be the right to file in the same court an action for a declaratory judgment through which the court would be obliged to say in advance what it would do if and when issues were joined upon the questions which it is desired the declaratory judgment should cover.

Suppose A filed a petition in the Common Pleas Court and the defendant set up five separate defenses to the cause of action which A claimed existed. Will A be permitted to file an action for a declaratory judgment in the same court requiring the court to say in advance which one or more of these defenses is demurrable, in order to enable him to file a demurrer to the answer?

Supplementing the opinion written by the judge of the Probate Court, it is our unqualified judgment that an action for a declaratory judgment may not be instituted and maintained in the same court in which there is a proceeding pending at the time between the same parties, involving the same subject matter.

A demurrer was filed to the petition and tried in the Probate Court on de-

murrer. The demurrer was sustained and judgment for defendants entered. Appeal was perfected to this Court on questions of law from that judgment. The case was also submitted to this Court on demurrer to the petition and the hearing limited to a consideration of the petition and demurrer.

For the reasons stated above, it is our conclusion that the demurrer should be sustained and the petition dismissed.

SKEEL, J., concurs.
MORGAN, J., concurs as to the third cause of action.