OPINION
{¶ 1} Defendant-appellant, Richard Imhoff, appeals a decision of the Clermont Court of Common Pleas, Domestic Relations Division, granting the divorce complaint of plaintiff-appellee, Darla Imhoff. We affirm the trial court's decision.
 {¶ 2} Appellee filed a complaint for divorce in August 2002. Appellant filed an answer and counterclaim, and a hearing on the complaint was held before a magistrate on March 3, 2003. Both parties were present for the hearing and represented by counsel.
 {¶ 3} Following the final hearing, appellant, without notice to appellee, cashed in four marital life insurance policies and cancelled the homeowner's insurance on the marital residence. Several days later appellant purposefully set fire to the home, causing its total destruction. A warrant issued for his arrest on felony arson charges and appellant absconded with the proceeds from the life insurance policies.
 {¶ 4} On March 28, 2003, following the fire, appellee filed multiple motions, including a motion for contempt, a motion to introduce new evidence, and a motion to add third parties. On April 1, 2003, appellant's counsel filed a motion to withdraw citing the fact that appellant had failed to communicate with her since the March 3, 2003 hearing. Counsel did not serve appellant with her motion. At a hearing on the motion ten days later, counsel further indicated that despite her efforts she had still been unable to communicate with appellant. The motion was granted, and the entry was served on appellant at his last known address, the marital residence.
 {¶ 5} A second evidentiary hearing was held on May 9, 2003. Appellant did not appear at the hearing and was not represented by counsel. The magistrate issued a decision which was adopted by the trial court when no objections were filed. A final decree of divorce was filed on August 7, 2003. Throughout this time, appellant failed to provide the court with a different address, and he continued to be served at his last known address. He now appeals, raising two assignments of error.
 Assignment of Error No. 1 {¶ 6} "The trial court erred by allowing appellant's trial counsel to withdraw and by failing to ensure that appellant's interests were protected."
 Assignment of Error No. 2 {¶ 7} "The trial court erred by adopting the decision of the magistrate filed on June 12, 2003 without giving appellant adequate notice of hearing or notice of the decision of the magistrate."
 {¶ 8} In both assignments of error, appellant argues that he was denied proper service. He further contends that the trial court erred by allowing his attorney to withdraw.
 {¶ 9} Civ.R. 53(E)(3)(a) provides that a party may file specific objections to a magistrate's decision within fourteen days of the filing of the decision. Further, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, also, Goldfuss v. Davidson, 79 Ohio St.3d 116,121, 1997-Ohio-401; Staff Notes to Civ.R. 53(E)(3)(b) (stating that "the rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection").
 {¶ 10} Appellant failed to object to the alleged lack of service and to the magistrate's decision permitting his attorney to withdraw, thus precluding the trial court from addressing the alleged errors. We therefore find that appellant has waived his right to argue these issues on appeal. Accord In re McClain,
Licking App. No. 01 CA 92, 2002-Ohio-2467 (party's failure to object to magistrate's decision precluded appellate review of alleged insufficient service).
 {¶ 11} Absent objection, appellant waived any claim of error, except plain error. Polly v. Coffey, Clermont App. No. CA2002-06-047, 2003-Ohio-509. Plain error in civil matters will be recognized only in the "extremely rare case involving the exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss at 122-123. Upon review of the record we find nothing in the proceedings below rising to the level of plain error. Appellant's assignments of error are consequently overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.