CLEVELAND BAR ASSOCIATION *v.* WASHINGTON.

[Cite as *Cleveland Bar Assn. v. Washington,*
107 Ohio St.3d 90, 2005-Ohio-5978.]

(No. 2004–2110—Submitted June 15, 2005—Decided November 23, 2005.)

---

Per Curiam.

{¶ 1} On November 3, 2003, relator, Cleveland Bar Association, charged that respondent, Nathaniel Washington, and Christine Kovach had engaged in the unauthorized practice of law by counseling clients and preparing and filing legal documents in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. The charge against Kovach was dismissed for lack of evidence. The Board on the Unauthorized Practice of Law considered the cause and, based on the parties' exhibits and testimony, made findings of fact, conclusions of law, and a recommendation.

{¶ 2} Respondent is not and never has been an attorney admitted to the practice of law, granted active status, or certified to practice law in the state of Ohio pursuant to Gov.Bar R. I, II, VI, IX, or XI. Yet while doing business as Your Legal Assistant, respondent gave legal advice on several occasions to Kenneth Williams and Marselle Williams, separately and collectively, on the difference between a divorce and a dissolution. Respondent also gathered information from the Williamses that he used to draft their court pleadings and other documents for filing in the domestic relations court. These pleadings were captioned *In re Marriage of Williams,* case No. D282513 in the Cuyahoga County Common Pleas Court, Division of Domestic Relations.

{¶ 3} Respondent also met with Karra Kitchen, formerly Karra Vasquez, on several occasions over the course of a year and gave her advice on the difference between divorce and dissolution. Respondent also gathered information from Kitchen that he used to prepare her petition for dissolution. These pleadings were captioned *In re Marriage of Vasquez,* case No. DR02–286590 in the Cuyahoga County Common Pleas Court, Division of Domestic Relations. Respondent charged at least $402 for his services to Kitchen.

{¶ 4} Respondent testified that upon being notified of relator's claims against him, he immediately ceased attempting to assist others in their legal pursuits.

{¶ 5} The board concluded that respondent's actions constituted the unauthorized practice of law and recommended that we enjoin respondent from engaging in the unauthorized practice of law in the future.

{¶ 6} We adopt the board's findings and conclusions that respondent engaged in the unauthorized practice of law. Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over all matters related to the practice of law. The unauthorized practice of law occurs when a person not licensed or otherwise permitted to practice law in Ohio renders legal services on another's behalf. Gov.Bar R. VII(2)(A). Legal services include preparing pleadings and other papers for filing in court without the supervision of an attorney licensed in Ohio. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771; *Cleveland Bar Assn. v. Coats,* 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449, ¶ 3.

{¶ 7} Respondent's legal advice and preparation of legal documents constitute the unauthorized practice of law. Respondent is hereby enjoined from further actions constituting the unauthorized practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Russell A. Moorhead and William Doslak, for relator.

Nathaniel Washington, pro se.