[Cite as *Haley v. Bank of Am. Corp.*, 2012-Ohio-4824.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98207**

## STEPHEN T. HALEY

PLAINTIFF-APPELLANT

vs.

## BANK OF AMERICA CORPORATION, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-750663

**BEFORE:** Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 18, 2012

**FOR APPELLANT**

Stephen T. Haley, pro se
c/o Joshua Caleb & Associates
3867 Medina Road
Suite 320
Akron, OH 44333

**ATTORNEYS FOR APPELLEES**

**For Bank of America Corp.; BAC Field Services Corporation; BAC Home Loans Servicing, LP; Bank of America, N.A.; Merrill Lynch & Co., Inc.; NB Holdings Corporation; Josh Alcorn; and Martha Fulgham-Sanchez**

Brooke Turner Bautista
Candice L. Musiek
James S. Wertheim
McGlinchey Stafford, PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122

**For First American Default Information Services, LLC**

Benjamin D. Carnahan
Thomas A. Barni
Dinn, Hochman & Potter
5910 Landerbrook Drive, Suite 200
Cleveland, OH 44124

**For Maxim Enterprises, Inc.**

Sidney N. Freeman
Robert McNamara
McNamara, Demzyk & Dehaven Co.
12370 Cleveland Avenue, N.W.
P.O. Box 867
Uniontown, OH 44685
**For Ohio Secretary of State**

Michael DeWine

Attorney General
BY:   Michael J. Schuler
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, OH 43215

**For Nomad Preservation, Inc.**

Nomad Preservation, Inc.
520 S. Main Street
Suite 2436A
Akron, OH 44311

KATHLEEN ANN KEOUGH, J.:

{¶1}   Plaintiff-appellant Stephen T. Haley ("Haley") appeals from the trial court's judgment granting defendants-appellees Bank of America and Nomad Preservation, Inc.'s motions to dismiss Haley's complaint for declaratory judgment. For the reasons that follow, we affirm.

Background

{¶2}   According to the complaint, Countrywide Field Services Corporation ("Countrywide") hired Maxim Enterprises, Inc. ("Maxim") to inspect and preserve its real properties; Maxim, in turn, hired subcontractors to do the work. When Countrywide did not pay Maxim, Maxim did not pay the subcontractors. Some of the subcontractors then assigned their rights to Haley, and he agreed to pursue their claims against Maxim for a share in the recovery.

{¶3}   Maxim subsequently sued Haley in Summit County, alleging that the assignments were invalid. *Maxim Ent., Inc. v. Haley*, Summit C.P. No. CV 2008-07-5093. Haley filed a third-party complaint against Countrywide and, because Countrywide had been purchased by Bank of America, he named Bank of America in his complaint. When Bank of America did not answer, Haley obtained a default judgment against the bank.

{¶4} He also entered into a settlement agreement in the Summit County case with Maxim, whereby Maxim assigned to Haley its rights to its past due accounts receivables and Haley dismissed his claims against Maxim.

{¶5}   Bank of America subsequently moved to vacate the default judgment

against it, arguing that Haley had not named the correct entity. The trial court granted Bank of America's motion, and Haley's subsequent appeal of the trial court's judgment was dismissed. *Maxim Ent., Inc. v. Haley*, 9th Dist. No. 25459, 2011-Ohio-6612. The Maxim litigation is currently pending in Summit County.

{¶6} Nomad Preservation, Inc. (f.k.a. KDS Property Services, LLC) likewise provided home preservation services through subcontractors to Countrywide, and subsequently, Bank of America. In 2010, Haley, as a creditor of Nomad, filed suit in Summit County against Nomad and was eventually awarded a judgment of over $1 million. *Haley v. Nomad Preservation, Inc.*, Summit C.P. No. CV 2010-07-4748. According to Haley's complaint in this matter, Bank of America is holding property that could be used to satisfy his judgment against Nomad, but has played a "shell-game" as to which of the many former Countrywide and present Bank of America subsidiaries are liable to Nomad, and has refused to provide discovery that would demonstrate what entity should be sued and what property held by Bank of America could be used to satisfy Haley's judgment. The Nomad litigation is still pending in Summit County.

{¶7} In March 2011, Haley filed a complaint for declaratory judgment in Cuyahoga County against defendants-appellees Bank of America Corporation, BAC Field Services Corporation, BAC Home Loans Servicing, LP, Bank of America N.A., Merrill Lynch & Co., Inc., NB Holdings Corporation, Josh Alcorn, and Martha Fulgham-Sanchez (collectively herein "Bank of America"). Haley's complaint also sought declaratory judgment against defendants-appellees Ohio Secretary of State Jon Husted, as well as First American Default Information Services LLC, Maxim, and Nomad.

**{¶8}** Haley brought his complaint pursuant to R.C. 2721.03, which states   that

[A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other   legal relations are affected by a * * * contract, * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations under it.

**{¶9}** With respect to the Bank of America defendants, Haley sought to have the trial court (1) interpret the terms of the settlement agreement between him and Maxim; (2) declare that Bank of America can be sued by Haley and any Ohio citizen simply by naming "Bank of America," instead of observing Bank of America's corporate structure regarding its various entities; (3) declare that Bank of America is liable to Maxim and Nomad, and therefore Haley, for past due accounts receivables and improperly-withheld chargebacks to the subcontractors; (4) declare for various reasons that Bank of America, Alcorn, and Fulgham-Sanchez committed fraud against the courts and citizens of Ohio; and (5) instruct Haley on the use of Ohio Civil Rules 69 and 4.2(F) to collect on the judgment he obtained against Nomad.  Although Haley named Ohio Secretary of State Jon Husted as a defendant, Haley did not seek any declaration regarding the secretary of state in his prayers for relief.

**{¶10}** Bank of America and the secretary of state subsequently filed motions to dismiss pursuant to Civ.R. 12(B)(6), which the trial court granted.  Haley dismissed his claims against the remaining defendants and now appeals from the trial court's judgments granting the motions to dismiss.

## Analysis

**{¶11}** A complaint for declaratory judgment is properly dismissed if (1) there is no

real controversy or justiciable issue between the parties, or (2) the declaratory judgment will not terminate the uncertainty or controversy. *Cleveland Elec. Illum. Co. v. Better Meat Prods. Co.*, 8th Dist. No. 74495, 1999 Ohio App. LEXIS 3248 (July 8, 1999), citing *Miller v. Summit Cty. Bd. of Edn.*, 9th Dist. No. 15847, 1993 Ohio App LEXIS 2056 (Apr. 7, 1993).

{¶12} For purposes of a declaratory judgment action, a "controversy" exists "when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13, 574 N.E.2d 533 (8th Dist.1988), citing *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 296 N.E.2d 261 (1973).

{¶13} A trial court's determination regarding the justiciability of a declaratory judgment action is reviewed for an abuse of discretion. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13. "Abuse of discretion" implies an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections*, 80 Ohio St.3d 302, 305, 1997-Ohio-315, 686 N.E.2d 238.

A.    Bank of America

{¶14} In his first assignment of error, Haley argues that the trial court erred in granting Bank of America's motion to dismiss because there are "justiciable controversies" between the parties that preclude dismissal. He asserts that the "controversies" that entitle him to declaratory relief are (1) the settlement agreement between him and Maxim in the Maxim Litigation in Summit County, and (2) the

judgment he obtained against Nomad in the Nomad Litigation.

{¶15} But the settlement agreement in the Maxim Litigation was entered into between Haley and Maxim — not with Bank of America — and the case is still ongoing. Furthermore, Haley filed a third-party complaint against Bank of America in the Maxim Litigation related to monies the bank allegedly owes to Maxim. Generally, courts will not entertain a declaratory judgment action as to questions that are present in a pending action between the same parties. *Price v. Dempsey*, 68 Ohio App. 136, 138, 636 N.E.2d 533 (8th Dist.1941). Because Haley's claim for declaratory judgment regarding the settlement agreement does not involve the construction of a contract to which Bank of America is a party, and because the same issues are pending in other litigation, there is no controversy or issue regarding the settlement agreement suitable for declaratory judgment.

{¶16} Nor does Haley's judgment against Nomad in the Nomad Litigation create any controversy between him and Bank of America for declaratory judgment. Haley asked the trial court for guidance on using the Ohio Civil Rules to collect his judgment. But "interpretation of procedural rules is not a valid function of a declaratory judgment action." *Galloway v. Horkulic*, 7th Dist. No. 02 JE 52, 2003-Ohio-5145, ¶27. Furthermore, a declaratory judgment action is inappropriate where resolution depends upon a determination of facts at issue in a pending action. *Therapy Partners of Am., Inc. v. Health Providers, Inc.*, 129 Ohio App.3d 572, 578, 718 N.E.2d 518 (9th Dist.1998). The Nomad Litigation is still pending in Summit County and hence any collection issues, or issues relating to discovery from Bank of America regarding property it holds that

could satisfy Haley's judgment against Nomad, are properly raised there.

{¶17} In short, Haley's claims fail to meet the pleading requirements to establish a complaint for declaratory judgment. As set forth in R.C. 2721.03, the Declaratory Judgment Act contemplates a written contract or other writing for the court to interpret as to the rights and obligations of the parties thereto. None of Haley's claims are based upon written documents between him and any Bank of America defendants; hence, they are not appropriate for declaratory judgment under R.C. 2721.03. Furthermore, Haley's other claims are related to issues in the pending Maxim and Nomad cases in Summit County and therefore should be resolved there.

{¶18} Finally, there is no private right of action for Haley's request that the court declare pursuant to R.C. 1329.10(C) that "all Ohio citizens" with claims against Countrywide may simply sue "Bank of America," without regard for Bank of America's corporate structure. R.C. 1329.10 states that Ohio's attorney general may seek injunctions against users of trade or fictitious names who fail to comply with the registration requirements of R.C. 1329.01 or 1329.07; it makes no provision for a private right of action such as that asserted by Haley. Furthermore, Haley is not an attorney. Thus, any attempt to bring claims on behalf of anyone other than himself is the unauthorized practice of law and prohibited. *Cleveland Bar Assn. v. Washington*, 107 Ohio St.3d 90, 2005-Ohio-5978, 836 N.E.2d 1212, ¶ 6.

{¶19} Accordingly, the trial court did not abuse its discretion in granting Bank of America's motion to dismiss. The first assignment of error is overruled.

{¶20} In his third assignment of error, Haley contends that the trial court erred in

dismissing Bank of America because it is a necessary party to the action for declaratory judgment. Haley failed to raise this argument in the trial court and therefore has waived it for purposes of review. *In re Gibson*, 61 Ohio St.3d 168, 171, 573 N.E.2d 1074 (1991) (party's failure to raise argument in trial court waives the argument on appeal); *Cross v. Cross*, 12th Dist. No. CA2008-07-015, 2009-Ohio-1309 ("It is axiomatic that failing to raise an issue at the trial court level waives any error on appeal.") The third assignment of error is therefore overruled.

B.     Ohio Secretary of State

{¶21} In his second assignment of error, Haley contends that the trial court erred in granting the Ohio secretary of state's motion to dismiss. We find no abuse of discretion in the trial court's judgment.

{¶22} Haley's complaint lacked any factual allegations regarding the secretary of state, nor did it seek any declaration regarding the secretary of state in its prayers for relief. Hence, the complaint failed to demonstrate any actual controversy between Haley and the secretary of state suitable for declaratory judgment. "[A] plaintiff must concisely set forth operative facts sufficient to give 'fair notice of the nature of the action.'" *McIntyre v. Rice*, 8th Dist. No. 81339, 2003-Ohio-3940, ¶ 15, quoting *DeVore v. Mut. of Omaha*, 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (7th Dist.1972). While

> [a] plaintiff is not required to allege every fact in her complaint that she intends to prove, * * * the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory * * * or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.

*Id.*

**{¶23}** Here, the only reference to the secretary of state in Haley's complaint was Haley's assertion that "the Ohio [secretary of state] regulates the defendant corporations named in the Complaint." Haley made no assertion that the secretary of state had failed to regulate the corporations named in his complaint, did not allege any facts to demonstrate that he suffered any injury by the secretary of state's alleged failure to regulate the defendants, and made no request in any of his prayers for declaratory relief pertaining to the secretary of state. Hence, he failed to demonstrate the existence of any genuine dispute or controversy between him and the secretary of state to warrant declaratory judgment and, therefore, the trial court did not abuse its discretion in dismissing the complaint as to the secretary of state.

**{¶24}** Haley contends that the trial court erred, however, because the secretary of state is a necessary party to this action. He argues that he asked the trial court to construe R.C. Chapter 1703, which requires foreign corporations such as Bank of America to register in Ohio, and "[t]he Secretary of State is charged with the administration of Chapter 1703 and has a legal interest in the judgment declaring the application of Chapter 1703."

**{¶25}** Haley's argument is without merit. Federally-chartered banks such as Bank of America are exempt from the licensing requirements of R.C. 1703.01 through 1703.31. *See* R.C. 1703.031. Furthermore, the secretary of state is not charged with enforcement of R.C. Chapter 1703. Accordingly, the secretary of state is not a necessary party to this action and the trial court did not abuse its discretion in granting the secretary of state's motion to dismiss. The second assignment of error is therefore overruled.

**{¶26}** Affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR