[Cite as *MidFirst Bank v. Speigelberg*, 2013-Ohio-587.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98765

---

# MIDFIRST BANK

### PLAINTIFF-APPELLANT

vs.

# WILHELM G. SPEIGELBERG II, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-778812

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**ATTORNEYS FOR APPELLANT**

Edward M. Kochalski
David B. Bokor
Matthew P. Curry
Benjamin W. Ogg
Manley Deas Kochalski, L.L.C.
P.O. Box 165028
Columbus, OH   43216


**ATTORNEY FOR APPELLEES**

Edward F. Kasputis
P.O. Box 16232
Rocky River, OH   44116


**Also listed:**

**For State of Ohio Department of Taxation**

Mike DeWine
Ohio Attorney General
By: Melanie Cornelius
Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, OH    43215

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant, MidFirst Bank ("MidFirst"), appeals the decision of the Cuyahoga County Court of Common Pleas that dismissed the action. For the reasons that follow, we reverse the decision of the trial court and remand the matter for further proceedings.

{¶2} MidFirst filed a complaint for foreclosure on March 22, 2012. MidFirst alleged that appellees, Wilhelm G. Speigelberg II and Anna Marie Speigelberg, had executed a note and mortgage, that the mortgage had been validly recorded, that appellees were in default, that MidFirst had standing to invoke the jurisdiction of the court, and that MidFirst was entitled to enforce the note and mortgage. Attached to the complaint was a copy of the promissory note and a copy of the mortgage, both of which had been negotiated, transferred, and assigned to MidFirst. MidFirst sought judgment on the note, in the amount of $76,156.24 plus interest, and foreclosure on the mortgage.

{¶3} On June 28, 2012, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The sole basis for their motion was their assertion that MidFirst lacked standing to pursue the action because it had failed to register with the Ohio Secretary of State as a foreign corporation pursuant to R.C. 1703.03 and 1703.031. The trial court granted the motion, which was unopposed, and dismissed the action with prejudice.

**{¶4}** MidFirst filed a motion for relief from judgment on July 18, 2012. It then timely filed this appeal on August 8, 2012. No brief was filed by appellees.

**{¶5}** In its sole assignment of error, MidFirst claims the trial court erred by dismissing the complaint with prejudice. We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. When considering a motion to dismiss brought pursuant to Civ.R. 12(B)(6), a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). The court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *Id.*

**{¶6}** R.C. 1703.03 provides that "[n]o foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state." Pursuant to R.C. 1703.29(A), any foreign corporation that fails to obtain such a license is prohibited from maintaining any action in any Ohio court until it has obtained such license. However, pursuant to R.C. 1703.031(A), federally chartered banks with a main office located in another state are exempt from the licensing requirements of R.C. 1703.01 through 1703.31.[1]

---

[1] A national bank still must "notify the secretary of state that it is transacting business in this

*See Haley v. Bank of Am. Corp.*, 8th Dist. No. 98207, 2012-Ohio-4824, ¶ 25.   Additionally, the prohibitions against maintaining an action by a foreign corporation under R.C. 1703.03 and 1703.29(A) are inapplicable to national banks that have a main office located outside of Ohio.   *Citibank, NA v. Eckmeyer*, 11th Dist. No. 2008-P-0069, 2009-Ohio-2435, ¶ 28-39.

**{¶7}** In this case, the trial court committed reversible error in granting the motion to dismiss.   MidFirst's complaint stated valid claims for judgment on the note and in foreclosure.   The determination of whether MidFirst is subject to the licensing requirement of R.C. 1703.01 requires consideration of matters outside the complaint.   Although MidFirst asserts on appeal that it is a federally chartered savings association and is not subject to the licensing requirements of R.C. 1703.01 through 1703.031, the record before us does not establish whether MidFirst is or is not a national bank.   This is a matter that is to be properly determined by the trial court upon remand.   Finally, insofar as the trial court dismissed the action "with prejudice," we note that while "[t]he lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * *, that dismissal is not an adjudication on the merits and is therefore without prejudice."   *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 40.

**{¶8}** MidFirst's sole assignment of error is sustained.

**{¶9}** Judgment reversed; case remanded.

It is ordered that appellant recover from appellees costs herein taxed.

---

state by submitting a notice in such form as the secretary of state prescribes" and include the information set forth under R.C. 1703.031.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR