[Cite as *Black v. Sakelios*, 2014-Ohio-2587.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| RICKY LEE BLACK, | : | |
| | | CASE NO. CA2013-10-094 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 6/16/2014 |
| - vs - | : | |
| | : | |
| NANCY M. SAKELIOS, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 11CV80826

Ricky Lee Black, 9261 State Route 48, Loveland, Ohio 45140, plaintiff-appellant, pro se

Sams, Fischer, Packard & Schuessler, Robert S. Fischer, 8738 Union Centre Boulevard, West Chester, Ohio 45069, for defendant-appellee

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Ricky Lee Black, appeals pro se separate decisions of the Warren County Court of Common Pleas adopting a magistrate's decision and imposing sanctions in appellant's replevin action.

{¶ 2} Appellant and defendant-appellee, Nancy M. Sakelios, met in March 2008 and became romantically involved. Two months later, appellant moved into Sakelios' house with a number of his belongings, including a king-size bedroom suite, a queen-size canopy

bedroom suite, several designer chairs of different types, a 50-inch plasma-screen television, a Rolls Royce picnic basket, and two six-foot handmade stuffed bears. Some of the items were stored in the garage, while others were put to immediate use in the house. Appellant was unemployed and running low on funds at the time, so in addition to the full use of the house, Sakelios also allowed him to use one of her credit cards to purchase groceries and other household items.

{¶ 3} Appellant moved out of Sakelios' house in October 2008, leaving many of his belongings behind to be retrieved at a later date. Appellant returned Sakelios' credit card prior to moving out. The pair remained in contact and, although the romance eventually ended, their relationship remained cordial for the ensuing two years.

{¶ 4} In March 2011, appellant returned to Sakelios' house to retrieve his belongings. Appellant obtained the various items that were stored in the garage, but Sakelios refused to permit appellant to take his property from the house until he repaid her for charges he incurred on her credit cards in 2008.[1] Appellant departed without attempting to retrieve the remainder of the items from the house, taking with him certain credit card statements Sakelios provided and the items from the garage.

{¶ 5} A few days later, appellant emailed Sakelios a "demand letter" that read, in part:

> * * *
>
> You are hereby notified that you have ten (10) days from todays [sic] date to notify me or my representative, of a date certain within the next 30 days, when a bonded moving company can be contracted by me to remove my property from your residence.
>
> Last week I removed several * * * items from your residence at your request. At that time you presented me with several reciepts [sic] which were paid by you. You indicated these were

---

1. In her testimony, Sakelios indicated that although she only gave appellant possession of one of the credit cards she held in her name, he had somehow incurred charges on several of them.

items I was financially responsible for reimbursing you. The total amount due is hereby acknowledged as $3,723.34.

* * * My total claims [against you] total [sic] $5,400 * * *.

{¶ 6} The matter remained unresolved and in October 2011, appellant filed a complaint against Sakelios alleging conversion and damage to his plasma-screen television. He later added an action for replevin. Sakelios filed a counterclaim alleging misuse of credit cards, frivolous conduct, and abuse of process. The court ordered mediation of the dispute, but appellant failed to appear for the mediation session. In November 2012, Sakelios filed a motion for sanctions against appellant for his failure to appear at their court-ordered mediation.

{¶ 7} A trial was held before a magistrate in March 2013 upon the parties' various claims. At the hearing, appellant testified as to when, where, and how he had obtained ownership of each of the several items he sought to recover. On several occasions throughout the hearing, appellant asserted he was more interested in getting his personal property back than he was in obtaining money damages. In her testimony, Sakelios asserted that appellant had made gifts of some of the items of his property to her family. Specifically, Sakelios claimed that appellant had given one of the stuffed bears to her children, the Rolls Royce picnic basket to her mother, and the canopy bedroom suite to her daughter.

{¶ 8} In his decision, the magistrate noted that appellant's conversion and replevin claims constituted alternative theories for two mutually exclusive remedies. Due to appellant's repeated assertion that his main concern was the recovery of his property, the magistrate concluded that appellant had effectively elected to pursue the remedy of replevin. Therefore, the magistrate found that appellant was entitled to an order of possession for the return of most of the items he requested. However, the magistrate found that appellant was not entitled to the return of the stuffed bear, the Rolls Royce picnic basket, and the canopy

bedroom suite because appellant had gifted those items as Sakelios had testified.

{¶ 9} With respect to Sakelios' counterclaims, the magistrate concluded that Sakelios was entitled to recover $3,723.34 from appellant, with interest, for his use of her credit cards, but that her claims of frivolous conduct and abuse of process were without merit. A ruling on Sakelios' motion for sanctions was reserved for the trial court.

{¶ 10} Appellant filed objections to the magistrate's decision. On September 11, 2013, the trial court overruled the objections and adopted the magistrate's decision. On September 19, the trial court granted Sakelios' motion for sanctions against appellant for his failure to appear at their court-ordered mediation session in November 2012 and awarded Sakelios attorney's fees of $250 and the mediator's fee of $500. Appellant now appeals, raising four assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN THAT THE MAGISTRATES [SIC] DECISION AND THE COURTS [SIC] DECISION AND ENTRY ADOPTING THE DECISION OF THE MAGISTRATE SHOULD BE MODIFIED TO REFLECT THAT THE PLAINTIFF DID NOT MAKE GIFTS OF ANY OF HIS PROPERTY TO DEFENDANT.

{¶ 13} Appellant challenges the trial court's finding that he gifted specific personal items to Sakelios' relatives. First, appellant briefly disputes the credibility of Sakelios' testimony. Further, appellant appears to argue that the trial court was precluded from finding that appellant gifted any of his property to Sakelios' relatives because Sakelios failed to include a gift defense in her pleadings, and because she did not have standing to assert that appellant gifted personal items to third parties.

{¶ 14} Appellant asserts that Sakelios was not a credible witness, and therefore takes issue with the trial court's reliance on Sakelios' testimony to find that he made gifts of his

property to her relatives. Given the evidence presented at the hearing, however, it was within the trial court's discretion to adopt the magistrate's finding that appellant made the gifts. "[I]ssues of credibility of witnesses and the weight to be given their testimony are issues for the trier of fact." *Huynh v. Haskell*, 12th Dist. Clermont No. CA2012-03-027, 2013-Ohio-656, ¶16, citing *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3rd 77, 81 (1984). Though there was conflicting testimony at the hearing, Sakelios did provide lucid accounts of the occasions on which appellant made the gifts and the trial court, as the trier of fact, was in the best position to determine the credibility of this testimony. *See Huynh* at ¶ 16.

{¶ 15} With respect to Sakelios' pleadings and her standing to claim that appellant made the gifts to her relatives, appellant seems to misconstrue Sakelios' testimony on the issue of gifts as an affirmative defense. "An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it." *State ex rel. The Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33 (1996). That is, an affirmative defense admits that the plaintiff has a claim, but asserts some legal reason the plaintiff cannot recover on it. *Id.* Under Civ.R. 8(C), a party must specifically plead an affirmative defense, or risk a finding by the trial court that the defense has been waived. *Stafford v. Aces & Eights Harley-Davidson, LLC*, 12th Dist. Warren No. CA2005-06-070, 2006-Ohio-1780, ¶ 18; *Hoover v. Sumlin*, 12 Ohio St.3d 1, 5 (1984).

{¶ 16} The record shows that Sakelios' testimony on the issue of gifts was in the nature of a denial of appellant's factual averments, not an affirmative defense. *See, e.g., Alberts v. Dunlavey*, 54 Ohio App. 111, 114 (5th Dist.1936) (gift is not an affirmative defense if the establishment of a gift disproves plaintiff's claim). In order to prevail on either his conversion or replevin action, appellant was required to prove that he was entitled to possession of the property he claimed. *DLK Co. of Ohio v. Meece*, 12th Dist. Warren No. CA2012-07-060, 2013-Ohio-860, ¶ 28 (plaintiff's actual or constructive possession or

immediate right to possession of the property is a distinct element of conversion); *Hershey v. Edelman*, 187 Ohio App.3d 400, 2010-Ohio-1992, ¶ 16 (10th Dist.) ("A replevin action is a possessory action filed on behalf of one entitled to possession, against one having possession and control of the property at the time the suit begins"). The purpose of Sakelios' testimony relating to gifts was to disprove appellant's claim that he was entitled to possession of the particular items.

{¶ 17} The Ninth Appellate District decided a similar case in *Schneider v. Schneider*, 178 Ohio App.3d 264, 2008-Ohio-4495 (9th Dist.). In *Schneider*, the wife appealed the trial court's decision denying her the remedy of replevin of the family dogs. *Id.* at ¶ 12. The trial court had found that the husband had transferred ownership of the dogs to his parents through an inter vivos gift prior to his death. *Id.* Among other things, the wife challenged the parents' assertion of a "gift defense" in response to her claim. *Id.* at ¶ 15. Although the appellate court ultimately ruled for the wife on other grounds, with respect to the gift defense the court found that:

> [The wife] had the burden to persuade the trier of fact that she was entitled to possession of the dogs. * * * [The parents] had no burden of proof in this matter. The gift defense was not an affirmative defense that would have shifted the burden to them because it is neither listed in Rule 8(C) of the Ohio Rules of Civil Procedure, nor encompassed within the catchall provision for "any other matter constituting an avoidance or affirmative defense." [The parents] were not seeking affirmative relief and did not introduce a new issue into the case. They simply testified to that which disproved [the wife's] claim.

*Id.* at ¶ 16. (Internal citations omitted.)

{¶ 18} We find the Ninth Appellate District's reasoning applicable in the present case. Here, Sakelios was not seeking affirmative relief regarding the property that appellant was found to have gifted to her relatives, and she was not introducing a new issue into the case. *See generally R.C. Olmstead, Inc. v. GBS Corp.*, 7th Dist. Mahoning No. 08 MA 83, 2009-

- 6 -

Ohio-6808, ¶ 41 ("[W]here one simply testified to that which disproves the plaintiff's claim, an affirmative defense is not asserted"). Therefore, Sakelios' failure to plead a "gift defense" did not preclude a finding that appellant gifted some of his property to her relatives.

{¶ 19} We also find appellant's argument regarding Sakelios' lack of standing to be without merit. "Standing" is defined as "'[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting Black's Law Dictionary (8th Ed.2004). As was just discussed, Sakelios was not making a legal claim that appellant gifted the items to her relatives, and she was not seeking judicial enforcement of her relatives' rights. Sakelios offered her testimony regarding the gifts simply to disprove appellant's claim that he had satisfied all of the elements of conversion and replevin.

{¶ 20} Appellant's first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN OVERRULING APPELLANTS [SIC] OBJECTION TO ADMITTING EVIDENCE THAT WAS MANUFACTURED BY APPELLEE. THE MAGISTRATE'S DECISION AND THE COURTS [SIC] DECISION AND ENTRY ADOPTING THE DECISION OF THE MAGISTRATE DECISION [SIC] SHOULD BE MODIFIED TO REFLECT THAT THE APPELLANT DID NOT MAKE ANY UNAUTHORIZED CHARGES TO APPELLEE'S CREDIT CARDS. AND THAT, THE APPELLEE'S MANUFACTURED DOCUMENTS ARE INADMISSIBLE IN LIEU OF THE ORIGINALS OR COPIES OF THE ORIGINALS. CUTOFF DATE OF DISCOVERY DOCUMENTS PRECLUDES ADMISSIBILITY OF BOTH APPELLEE AND APPELLANT.

{¶ 23} Appellant argues that Sakelios' credit card statements should not have been admitted into evidence because they were not true copies of the originals, and were

submitted after the discovery cut-off date established by the magistrate.

{¶ 24} Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion" to the trial court pursuant to the requirements of Civ.R. 53(D)(3)(b). Although appellant did object to the introduction of the credit card statements during the hearing before the magistrate, appellant did not raise that objection in his filings with the trial court as required by Civ.R. 53(D)(3)(b). Therefore, absent plain error, he has waived his right to appeal these issues. *Roberts v. Roberts*, 12th Dist. Clinton No. CA2012-07-015, 2013-Ohio-1733, ¶ 19.

{¶ 25} This court has previously noted that in civil matters plain error will be recognized only in extremely rare cases involving exceptional circumstances where the error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Zugg v. Wisby*, 12th Dist. Warren No. CA2010-08-079, 2011-Ohio-2468, ¶ 14, quoting *Imhoff v. Imhoff*, 12th Dist. Clermont App. No. CA2003-09-075, 2004-Ohio-3013, ¶ 11. There are no such exceptional circumstances here. Any error on this issue would be harmless because it is clear from the decisions of both the magistrate and the trial court that the basis for the finding of appellant's debt to Sakelios was not the credit card statements, but appellant's admission contained in the demand letter acknowledging a debt of $3,723.34.

{¶ 26} Appellant's second assignment of error is overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN THE MAGISTRATES [SIC] DECISION AND THE COURTS [SIC] DECISION AND ENTRY ADOPTING THE MAGISTRATES [SIC] DECISION BY OVERRULING

APPELLANTS OBJECTION AS TO ADMITTING INTO EVIDENCE APPELLANTS [SIC] OPINION OF VALUE OF HIS PROPERTY, THE 50 INCH PIONEER PLASMA TV, THAT THE MAGISTRATE PREVIOUSLY ORDERED ADMISSION [SIC].

{¶ 29} Appellant asserts that the magistrate erred by refusing to allow him either to testify to the amount of damage done to his plasma-screen television, or to submit the written estimate he received for the repair of the television. Appellant seems to argue that had he been permitted to present such evidence, the magistrate could have found that appellant was entitled to set-off the $3,500 in damage to his television against the $3,723.34 he owed Sakelios.

{¶ 30} "It is well-established that the admission of evidence 'lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that created material prejudice.'" *Schneble v. Stark*, 12th Dist. Warren No. CA2011-06-063, 2012-Ohio-3130, ¶ 30, quoting *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Schneble* at ¶ 30, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 31} Because appellant did not call the authors of the estimate as witnesses or anyone else who could authenticate the estimate, the magistrate correctly concluded that appellant's information regarding the repair estimate constituted inadmissible hearsay under Evid.R. 802. *Beck v. W. Chester Lawn & Garden*, 12th Dist. Butler No. CA2012-12-248, 2013-Ohio-2276, ¶ 9. Additionally, even if we were to assume, without deciding, that the information regarding the repair estimate was admissible, we find that appellant was not prejudiced by the trial court's decision to exclude it. Both the magistrate and the trial court concluded that regardless of the amount of damage to the television, Sakelios would not have been liable because no bailment contract existed between appellant and Sakelios.

Accordingly, we find the trial court did not abuse its discretion in excluding both appellant's testimony regarding the repair estimate and the written estimate itself. *Schneble* at ¶ 33.

{¶ 32} Appellant's third assignment of error is overruled.

{¶ 33} Assignment of Error No. 4:

{¶ 34} THE COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN ITS DECISION AND ENTRY ON DEFENDANTS [SIC] MOTION FOR SANCTIONS AGAINST PLAINTIFF RICKY LEE BLACK, AND THE SANCTIONS MUST BE VACATED AS TO RICKY LEE BLACK.

{¶ 35} Appellant does not dispute that Sakelios and her counsel were present at a court-ordered mediation session scheduled for November 8, 2012, and that he failed to appear at that session. However, appellant asserts the trial court erred when it granted Sakelios' motion for sanctions for his failure to appear. It is difficult to discern appellant's legal argument on this point, but it appears he is arguing that the sanctions were inappropriate because of his extenuating circumstances; namely, appellant had a death in the family that required his presence out of town on the day of the mediation; appellant had notified his counsel of this conflict; but appellant's counsel withdrew the day before the scheduled mediation without notifying either Sakelios or the mediator of appellant's conflict.

{¶ 36} The imposition of sanctions is within the discretion of the trial court. *Pancher v. Pancher*, 12th Dist. Clermont No. CA86-06-038, 1987 WL 14318, *2 (July 20, 1987), citing *Toney v. Berkemer*, 6 Ohio St.3d 455 (1983).

{¶ 37} The trial court did not abuse its discretion. First, the imposition of sanctions was clearly within the trial court's authority. *Telecom, Ltd. v. Wisehart & Wisehart, Inc.*, 10th Dist. Franklin No. 11AP-1147, 2012-Ohio-4376, ¶ 13-15. Consistent with its constitutional authority, the trial court imposed sanctions against appellant under W.C.C.P. Local Rule 4.21, which states that "[i]f any individual ordered by the Court to attend mediation fails to

attend without good cause * * * the Court may impose sanctions, which may include, but are not limited to, the award of attorney fees and other costs * * * at the discretion of the assigned judge or magistrate."

{¶ 38} Moreover, the trial court aptly found that "while the loss of a family member is a valid reason for not being available for a previously scheduled mediation, not notifying the other party or the mediator of this unavailability for whatever reason, subjects the non-appearing party to sanctions." Under the facts of this case, appellant did not fulfill his responsibility to ensure that Sakelios and the mediator had been notified that he would not attend the mediation session. *See generally Postler v. Cent. Trust Co., N.A. of Cincinnati*, 12th Dist. Warren No. CA92-11-103, 1993 WL 282681, *3 (July 26, 1993) (the imputation of attorney negligence to his client is within the discretion of the trial court); *Andring v. Andring*, 3 Ohio App.2d 417, 420 (8th Dist.1965) ("The general rule of law seems to be that the negligence of an attorney may be imputed to his client when by the exercise of care on the client's part, [the client] would have avoided the consequences of the negligence of his attorney"). Finally, the trial court ordered appellant to pay only the actual costs related to his failure to appear: the cost of the mediator ($500) and the attorney fees related to preparing the motion for sanctions ($250).

{¶ 39} Appellant's fourth assignment of error is overruled.

{¶ 40} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.