[Cite as *Honeywell Internatl., Inc. v. Vanderlande Industries, Inc.*, 2022-Ohio-2986.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| HONEYWELL INTERNATIONAL, INC., et al., | : | |
| | : | CASE NO. CA2021-12-114 |
| Appellees, | : | |
| | : | O P I N I O N<br>8/29/2022 |
| - vs - | : | |
| | : | |
| VANDERLANDE INDUSTRIES, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21 CV 94024

Schroeder, Maundrell, Barbiere & Powers, and Katherine L. Barbiere; Faegre Drinker Biddle & Reath LLP, and Randall E. Kahnke, Kerry Bundy, Matthew B. Kilby, and Tom Pryor, for appellees.

Rittgers & Rittgers, and Konrad Kircher and Ryan J. McGraw; Sugarman Law LLP, and F. Skip Sugarman, Shara G. Sanders, W. Caleb Gross, and Max Rubinson, for appellant.

**HENDRICKSON, J.**

{¶ 1} Appellant, Vanderlande Industries, Inc. ("Vanderlande"), appeals the decision of the Warren County Court of Common Pleas granting a motion to dismiss its counterclaims for lack of standing. For reasons discussed below, we affirm the trial court's decision.

**Facts and Procedural Posture**

**{¶ 2}** Appellees, Honeywell International, Inc.; Intelligrated Headquarters, LLC; Intelligrated Systems, Inc.; and Intelligrated Systems, LLC (collectively "Honeywell"), and Vanderlande are competitors in warehouse automation system installation with significant operations in Mason, Ohio. On February 22, 2021, Honeywell filed suit against Vanderlande, alleging tortious interference in contracts it had made with its former employees. The contracts contained nonsolicitation and confidentiality provisions precluding employees from soliciting or assisting their coworkers in finding employment elsewhere.[1] Honeywell accused Vanderlande of orchestrating an improper employee poaching scheme. In its answer, Vanderlande admitted to having "hired at least forty (40) Honeywell employees over the past twelve-month period" but denied wrongdoing.

**{¶ 3}** Vanderlande untimely filed two counterclaims, seeking a declaratory judgment that would invalidate the employee contracts. Vanderlande argued that it had standing to seek such a judgment as a "person interested" under R.C. 2721.03. Honeywell moved to dismiss Vanderlande's counterclaims on grounds that they were untimely filed and that Vanderlande lacked standing to assert them. The trial court entered an order denying Honeywell's motion to dismiss on Civ.R. 6(B) grounds, but ultimately dismissed Vanderlande's counterclaims for lack of standing. The trial court found that because

---

1. Vanderlande refers throughout its briefing to the nonsolicitation provision of Honeywell's contracts as "the Anticipated Use Non-Compete" clause. The clause reads as follows:

> I agree that during my employment and for a period of two (2) years following my Termination of Employment from Honeywell for any reason, I will not directly or indirectly, for my own account or for others, (i) solicit (or assist another in soliciting) for employment or for the performance of services, (ii) offer or cause to be offered employment or other service engagement, or (iii) participate in any manner in the employment or hiring for services of any current or former Honeywell employee with whom I had contact or of whom I became aware in my last two (2) years of Honeywell employment, unless it has been more than 12 months since that individual left Honeywell. Nor will I, for my own account or for others, in any way induce or attempt to induce such individual to leave the employment of Honeywell.

We refer to this clause as the nonsolicitation provision throughout this opinion.

Vanderlande was not a party to the contracts between Honeywell and its employees, it did not have standing to bring its counterclaims as contemplated by R.C. 2721.03. Vanderlande appealed the trial court's order, asserting one assignment of error.

{¶ 4} THE TRIAL COURT INCORRECTLY HELD THAT VANDERLANDE LACKS STANDING TO ASSERT ITS COUNTERCLAIMS AGAINST HONEYWELL.

{¶ 5} In its sole assignment of error, Vanderlande argues that the trial court erred in finding Vanderlande lacked standing to seek declaratory judgment against Honeywell. Specifically, Vanderlande argues that (1) it is an interested party under R.C. 2721.03; (2) a nonparty to a contract has standing to challenge the contract when the nonparty has an interest in having the contract construed; and (3) the trial court's analysis was flawed.

**Rule of Law and Analysis**

{¶ 6} Standing is a jurisdictional requirement that a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Osbourne v. Van Dyk Mtge. Corp.*, 12th Dist. Clermont No. CA2012-03-020, 2013-Ohio-332, ¶ 13. Standing is defined as "'[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting Black's Law Dictionary (8th ed.2004); *see also Black v. Sakelios*, 12th Dist. Warren No. CA2013-10-094, 2014-Ohio-2587, ¶ 19. "'It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue.'" *Drew v. Weather Stop Roofing Co., L.L.C.*, 12th Dist. Clermont No. CA2019-10-082, 2020-Ohio-2771, ¶ 14, quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999). As standing is a question of law, our review is de novo. *Bank of New York Mellon v. Blouse*, 12th Dist. Fayette No. CA2013-02-002, 2013-Ohio-4537, ¶ 5.

{¶ 7} The strength of the merits of a claim for declaratory relief is not relevant to a

party's burden to establish standing. *Ohioans for Concealed Carry, Inc. v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, ¶ 37. "To the contrary, 'standing turns on the nature and source of the claim asserted * * *.'" *Barrow v. New Miami*, 12th Dist. Butler No. CA2015-03-043, 2016-Ohio-340, ¶ 17, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 23. In the case sub judice, Vanderlande relies on Ohio's Declaratory Judgment Act, R.C. Chapter 2721, to give it standing to bring its counterclaims. *See ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 17 ("In addition to standing authorized by common law, standing may also be conferred by statute"). That act is the legislative source of a cause of action for declaratory relief. *Moore* at ¶ 48. R.C. 2721.03 specifically provides that "any person interested" under a written contract, "may have determined any question of construction or validity arising under the * * * contract, * * * and obtain a declaration of rights, status, or other legal relations under it."

**{¶ 8}** "[A] declaratory-judgment action may be filed only for the purpose of deciding an 'actual controversy, the resolution of which will confer certain rights or status upon the litigants.'" *Calvary Industries, Inc. v. Coral Chem. Co.*, 12th Dist. Butler No. CA2018-07-134, 2019-Ohio-1288, ¶ 11, quoting *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 9. A declaratory judgment action is proper if "(1) the action is within the scope of the Declaratory Judgment Act, (2) a justiciable controversy exists between adverse parties, and (3) speedy relief is necessary to preserve rights that may otherwise be impaired or lost." *Calvary Industries, Inc.* at ¶ 14.

**{¶ 9}** At issue in this case is whether Vanderlande's counterclaims are within the scope of the Declaratory Judgment Act. More specifically, the issue is whether Vanderlande is a "person interested" in Honeywell's contracts with its employees. Notably, R.C. 2721.03 does not require the party seeking declaratory judgment to be an "interested *party*" to the contract. Vanderlande does not dispute that it is a nonparty to the contracts, and it has not

claimed to be a third-party beneficiary, nor sought to assert rights on behalf of Honeywell's former employees. It instead argues that it has standing because it "has a direct interest in whether" the nonsolicitation provision in Honeywell's employment contracts "is valid and enforceable." If the employee contracts are deemed invalid or unenforceable, Vanderlande argues, it cannot therefore be held liable for tortiously interfering with the nonsolicitation provision.

{¶ 10} The trial court summarized Vanderlande's standing argument as follows: "[e]ssentially, Vanderlande is alleging that, because Honeywell has filed a lawsuit alleging Vanderlande tortiously interfered with its employees, Vanderlande has standing to determine the enforceability of contracts that are entered into solely between Honeywell and its employees." The trial court noted the well-established principle in Ohio law that "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991); *see also Midfirst Bank v. Wallace*, 12th Dist. Warren No. CA2013-12-122, 2014-Ohio-4525, ¶ 14. However, Vanderlande has not brought an action on a contract. As Vanderlande's briefing makes clear, it believes it has standing pursuant to the Declaratory Judgment Act.

{¶ 11} The trial court principally relied upon *Haley v. Bank of Am. Corp.*, 8th Dist. Cuyahoga No. 98207, 2012-Ohio-4824, in rendering its decision. In *Haley*, the appellant had been assigned a contractor's and subcontractors' rights to payments due by a bank subsequently purchased by Bank of America. Appellant filed a complaint for declaratory judgment pursuant to R.C. 2721.03, against Bank of America, which in turn filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court granted Bank of America's motion and denied appellant's motion. Appellant appealed the trial court's judgment. The Eighth Appellate District affirmed the dismissal, noting that, "[a]s set forth in R.C. 2721.03, the

Declaratory Judgment Act contemplates a written contract or other writing for the court to interpret as to the rights and obligations *of the parties thereto*." (Emphasis added.) *Id.* at ¶ 17. The Eighth District continued, stating that "[n]one of [appellant's] claims are based upon written documents between him and * * * defendants; hence, they are not appropriate for declaratory judgment under R.C. 2721.03." *Id.*

{¶ 12} Vanderlande unpersuasively attempts to distinguish its counterclaims for declaratory judgment from those in *Haley*, stating that "Vanderlande is not asking the trial court to declare its rights against Honeywell based on its contracts with third parties. Instead, Vanderlande seeks a declaration from the trial court of its rights related to the terms of the [nonsolicitation provision] that serves as the basis for Honeywell's claim." This argument misstates *Haley*. In that case, the appellant sought a declaration regarding various matters, including *his own rights* in relation to Bank of America; that those rights had been assigned to him was of no import to the court's ultimate holding. *Haley* at ¶ 9. The Eighth District, in affirming the trial court's dismissal, determined that declaratory judgment on a contract was inappropriate where the party bringing the complaint was not a party to the contract.

{¶ 13} We agree with the trial court that, "[l]ike the litigant in *Haley*, Vanderlande seeks to use R.C. 2721.03 to raise causes of action against Honeywell regarding contractual agreements to which both Vanderlande and Honeywell are not parties." "Ohio's declaratory judgment statutes, while broad in scope, are not limitless." *Graceworks Lutheran Servs. v. Hamilton*, 12th Dist. Butler Nos. CA2007-01-015 and CA2007-01-030, 2007-Ohio-6167, ¶ 15. While Vanderlande may have an interest in Honeywell's contracts with its employees, it is not a "party interested" in those contracts as contemplated by the Declaratory Judgment Act. Vanderlande has already contested the validity of Hopewell's contracts as an affirmative defense in this case and will almost certainly continue to do so,

but declaratory judgment was the wrong vehicle to challenge the validity of contracts to which it was not a party. We agree with the Eighth District's ruling in *Haley*, and accordingly overrule Vanderlande's sole assignment of error.

{¶ 14} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.